1 | **JAKUB P. MEDRALA, ESQ.**
Nevada Bar No. 12822
2 | **The Medrala Law Firm, Prof. LLC**
615 S. 6th Street
3 | Las Vegas, Nevada 89101
(702) 475-8884
4 | (702) 938-8625 Facsimile
jmedrala@medralaw.com
5 | *Attorney for Plaintiff*
*Dan B. Bilzerian*

6

## UNITED STATES DISTRICT COURT

7

## DISTRICT OF NEVADA

8 | DAN BRANDON BILZERIAN, an
Individual,
9

10 | Plaintiff,

vs.
11

12 | IGNITE INTERNATIONAL BRANDS,
LTD., a Foreign Corporation; IGNITE
INTERNATIONAL, LTD., a Foreign
13 | Corporation; PAUL BILZERIAN, an
Individual; SCOTT ROHLEDER, an
14 | Individual; RUPY DHADWAR, an
Individual,
15

16 | Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

Case No.: 2:24-cv-2101

Plaintiff DAN BRANDON BILZERIAN ("Plaintiff" or "Dan") complains against

Defendants IGNITE INTERNATIONAL BRANDS, LTD., IGNITE INTERNATIONAL, LTD.,

PAUL BILZERIAN, SCOTT ROHLEDER, and RUPY DHADWAR (collectively

"Defendants") as follows:

## I.

## NATURE OF THE ACTION

This action has its origin in a dispute between the Plaintiff Dan Bilzerian and Defendants

Paul Bilzerian ("Paul"), Scott Rohleder ("Rohleder"), and Rupy Dhadwar ("Dhadwar") over

1

Complaint

1  control of Ignite International Brands, Ltd. ("Ignite"); Plaintiff's unlawful removal from Ignite,

2  which was orchestrated by Paul, Rohleder, and Dhadwar; and the subsequent unlawful use of

3  Plaintiff's name and likeness by the individual Defendants and the companies they control.

4      Plaintiff Bilzerian ("Dan") is the founder of Defendant Ignite and the majority

5  shareholder who was unlawfully pushed out of Ignite through a series of unlawful acts

6  orchestrated by Paul and executed by Rohleder and Dhadwar.

7      Paul and Rohleder are criminals who were recently indicted (together with Ignite) by the

8  United States of America in the U.S. District Court for the Central District of California (Case

9  No. 2:24-cr-00569). Dhadwar is Ignite's purported CEO; however, his main role at Ignite

10  consists of executing orders from Paul and Rohleder.

11      Despite the Plaintiff's removal from Ignite, Defendants continued to use and exploit

12  Dan's recognizable likeness for their own benefit while tarnishing his name and reputation on

13  the backdrop of their criminal acts.

14                      **II.**

15            **JURISDICTION AND VENUE**

16      1.    Jurisdiction in this case is based on diversity of citizenship of the parties and the

17  amount in controversy. Plaintiff is a resident of Nevada, and Defendants are foreign corporations

18  and residents of foreign states and countries.

19      2.    The amount in controversy exceeds the sum $75,000, exclusive of interest and

20  cost.

21      3.    Additionally, federal jurisdiction in this case is appropriate because this case

22  centers on federal questions. Among other causes of action, Plaintiff brings this complaint

23  pursuant to 17 U.S.C. § 501 and 15 U.S.C. § 1125. Federal district courts have original

24  jurisdiction over such claims pursuant to 28 U.S.C. § 1338.

Complaint

4.      This Court has personal jurisdiction over Defendants because they are either a foreign corporation or residents of foreign states and/or countries with sufficient contacts with the U.S. to render jurisdiction proper in any U.S. court, including the United States District Court for the District of Nevada. Defendants purposefully availed themselves for doing business in the United States and are subject to jurisdiction in any U.S. court.

5.      In addition, this Court has personal jurisdiction over Defendants because the claims in this Complaint relate to their maintenance and operation of many websites and social media accounts that are interactive and fully accessible to residents of this District.

6.      Defendants have a large portion of customers in the United States, and much of the content distributed by Defendants on the World Wide Web originates from the U.S., including Plaintiff's content.

7.      The illegal use of Plaintiff's name and likeness, as well distribution of his works takes place partially, if not entirely in the U.S.

8.      Venue is proper under 28 U.S.C. § 1391(b) and (c).

### III.

### PARTIES

9.      Plaintiff Dan is a resident of Nevada. Plaintiff is a world-famous professional poker player and social media influencer who gained fame for portraying a distinct, extravagant lifestyle, as well as founding Ignite. He is the son of Defendant Paul.

10.     Defendant Ignite International Brands, Ltd. ("Ignite") is a Canadian corporation with a principal place of business in the State of Texas. Ignite sells electronic cigarettes, apparel, alcohol, water bottles, and other brand products.

11.     Defendant Ignite International, Ltd. ("Ignite US") is a Wyoming corporation domiciled in California and Texas, and it is a wholly owned subsidiary of Ignite. Upon

Complaint

1   information and belief, Ignite US, together with Ignite, markets Ignite's products and is a licensor

2   of Ignite's intellectual property rights.

3         12.    Defendant Paul Bilzerian ("Paul") is a resident of St. Kitts and Nevis, and he was

4   previously an American businessman and corporate raider. In 1989, Paul was convicted for

5   securities fraud in the U.S. District Court for the Southern District of New York and sentenced

6   to prison.

7         13.    In 1993, the United States Securities and Exchange Commission ("SEC")

8   obtained civil judgments against defendant Paul for his fraudulent activities. Upon information

9   and belief, Paul controls some of Ignite's shareholders, including International Investments, Ltd.

10   ("International Investments").

11         14.    Defendant Rohleder is a resident of Florida. He is Paul's "right-hand" and a proxy

12   in the United States. At various times, Rohleder served as a CEO of Ignite. Rohleder acts at the

13   direction and for the benefit of Paul.

14         15.    Paul, Rohleder, and Ignite were recently indicted by the United States of America

15   in the U.S. District Court for the Central District of California for their role in a conspiracy to

16   defraud the United States, wire fraud, and securities fraud, to name a few.

17         16.    Defendant Dhadwar is a citizen of Canada. He is the purported CEO of Ignite and

18   a puppet of Rohleder and Paul. At all times relevant here, he acted at the direction and for the

19   benefit of Paul and Rohleder.

20                                     **IV.**

21                     **GENERAL ALLEGATIONS**

22         17.    Plaintiff Dan is an internationally known poker player, businessman, and a social

23   media influencer. He gained international fame for portraying a distinct, extravagant lifestyle, as

24   well as founding Ignite. He is regularly offered from hundreds of thousands to millions of dollars

Complaint

1    to promote lifestyle brands and makes a large part of his income from utilizing his public image.

2        18.    In 2017, Dan founded Ignite. Ignite is a lifestyle brand selling disposable vapes,

3    spirits, and apparel. While not directly involved in Ignite's operations, Dan's name, likeness, and

4    personality became the essence of Ignite's brand, including all of the social media and other

5    advertising and promotion.

6        19.    Until December 2023, Dan served as the nominal CEO of Ignite. However, he

7    was not directly involved in Ignite's operations and had a dispute with other Ignite

8    shareholders—who later turned out to be Paul's agents—over the course of Ignite's business,

9    the quality of Ignite's products, and Ignite's leadership. In essence, Dan complained about the

10   mismanagement of Ignite and Rohleder and Paul's behind-the-scenes acts that caused harm to

11   Ignite's business.

12       20.    During the same time, he was threatened by Rohleder and Paul's other agents that

13   he would be fired from the position of Ignite's CEO.

14       21.    In response, on December 18, 2023, Dan expressly advised the then-board of

15   directors of Ignite that if they fired him as the CEO of Ignite, they would "lose the multimillion-

16   dollar benefit of [his] social media posting" and "lose the rights to use [his] name and likeness."

17       22.    Despite this, on December 21, 2023, Ignite's board of directors, which was

18   controlled by Rohleder and Paul, terminated Dan as the CEO of Ignite. At the regularly-

19   scheduled board meeting where this occurred, Dan again told the board that Ignite had no right

20   to use his name, likeness, and image.

21       23.    In June 2024, Rohleder and Paul took things even further. On June 2, 2024, they

22   purported to remove Dan from the position of chairman of the board with Ignite and unilaterally

23   and unlawfully seize control of Ignite's operations. This was done without the necessary 67%

24   shareholder vote to remove a director.

Complaint

1       24.    Despite this, Ignite and the remaining Defendants continued to use Dan's name,

2 image, and likeness, as well as copyrighted photographs, without his permission and without

3 providing him with any compensation.

4       25.    Among other things, the Defendants, without Dan's consent:

5       -   Kept his name and image on numerous Ignite websites within their control,

6           making him a central component of the Ignite brand, despite not

7           compensating him for this and unlawfully removing him from Ignite;

8       -   Crated an Instagram account called @ignite.intl (which the Defendants, and

9           not Dan, control) and posted and pinned Dan's name, likeness, and image in

10          various "stories" on that account;

11       -   Used Dan's name and image to promote sales of vapes, alcohol, clothing, and

12          other products;

13       -   Used photographs personally taken by Dan on social media accounts; and

14       -   Attempted to seize, through Canadian court proceedings, Dan's Instagram

15          account.

16       26.    Moreover, because of Rohleder and Paul's criminal acts, on September 26, 2024,

17 Ignite, Paul, and Rohleder were indicted by the United States of America in the U.S. District

18 Court for the Central District of California (Case No. 2:24-cr-00569).

19       27.    In addition, on September 27, 2024, Ignite, Paul, Rohleder, and its proxies Paul

20 Dowdall, John Schaefer, and International Investment, were sued by the SEC in the United States

21 District Court for the Southern District of New York (Case No. 1:24-cv-07331).

22       28.    The indictment and the SEC lawsuit received extensive media coverage

23 throughout the United States and the world.

24       29.    This coverage, despite the lack of Dan's involvement in any criminal activities

Complaint

1 perpetuated by Rohleder, Paul, and their proxies, brought Dan negative press specifically

2 because of his affinity with Ignite's brand and his continued presence on Ignite's websites, social

3 media, and marketing materials.

4       30.    After the indictment, Rohleder resigned from the purported position of Ignite's

5 CEO and appointed to this position his and Paul's puppet, Dhadwar, whose actions remain fully

6 and illegally controlled by Rohleder and Paul.

7       31.    Due to Ignite's continuing refusal to cease from using Dan's name and likeness,

8 among other things, on November 4, 2024, through his counsel, Dan again demanded that Ignite

9 cease and desist from using his name and likeness and otherwise exploiting his intellectual

10 property rights, to no avail.

11       32.    Dhadwar, now the purported CEO of Ignite, decided to continue to unlawfully

12 exploit Dan's name and likeness and refused to remove it from Ignite's marketing materials.

13       33.    Moreover, because of his unlawful removal from Ignite, Dan decided to pursue

14 alternative business opportunities, which included, among other things, selling lifestyle products

15 under his own, separate brands.

16       34.    In response, Ignite, Paul, Rohleder, and Dhadwar engaged in a smear campaign

17 against Dan in which they represented, and continue to represent, to potential suppliers and

18 distributors of Dan's companies that Dan is legally prevented from competing in any way with

19 Ignite's business.

20       35.    Ignite, Paul, Rohleder, and Dhadwar have falsely represented to Dan's potential

21 suppliers and distributors that Dan is allegedly subject to a noncompete agreement with Ignite

22 that prevents him from conducting any business that is similar to Ignite's business.

23       36.    These representations are utterly false and their sole aim is to discourage anyone

24 from working with Dan or his entities and to prevent Dan from seizing any business opportunities

7

Complaint

1 | outside of Ignite.

2 | V.

3 | **FIRST CLAIM FOR RELIEF—MISAPPROPRIATION OF PLAINTIFF'S**

4 | **STATUTORY AND COMMON LAW RIGHT OF PUBLICITY**

5 | 37. Plaintiff repeats and incorporates the allegations above as fully set forth herein.

6 | 38. Plaintiff is a universally known and highly recognizable personality who has

7 | received widespread recognition for his distinct lifestyle and social media presence that has been

8 | viewed by tens of millions of people throughout the United States and all over the world.

9 | 39. Through his hard work and use of his talents in the field of entertainment, Dan's

10 | likeness and persona have become very valuable and are invested with substantial goodwill in

11 | the eyes of the public. Accordingly, Dan licenses the right to use of his name and likeness for

12 | use in the United States and throughout the world—a property right with substantial commercial

13 | value—which he does not agree to transfer, in whole or in part, to Defendants for any purposes.

14 | 40. Defendants' use of Dan's likeness on their websites, social media posts, or other

15 | marketing materials without Dan's consent constitutes a violation and misappropriation of

16 | Plaintiff's common law right of publicity in that said Defendants, and each of them,

17 | misappropriated Dan's photograph, likeness, and persona and used it in a prominent and clearly

18 | recognizable manner for commercial purposes to advertise and promote Ignite and to generally

19 | promote and enhance Defendants' goodwill and increase their profits.

20 | 41. Defendants' misappropriation of Plaintiff's valuable publicity and property

21 | rights, as set forth herein above in violation of Nevada Revised Statutes ("NRS") 597.700 et seq.

22 | and other applicable law, has resulted in a dilution of the value of the aforesaid publicity and

23 | property rights, thereby diminishing the value of said publicity and property rights, all to the

24 | detriment and damage of Plaintiff and has resulted in the unjust enrichment of all of the

Complaint

1 | Defendants.

2 | 42.    Unless temporarily, preliminarily, and permanently enjoined and restrained by

3 | order of this Court, Defendants' continued acts will cause Plaintiff severe and irreparable injury,

4 | which cannot adequately be compensated by monetary damages.

5 | 43.    By reason of the foregoing, Plaintiff is entitled to preliminary and permanent

6 | injunctive relief, enjoining the further commercial exploitation of his name, likeness, and identity

7 | by any of the Defendants, including but not limited to an injunction against any further broadcast,

8 | exploitation or use of Dan's name, likeness, persona, or pictures.

9 | 44.    As a direct and proximate result of the aforesaid wrongful acts of Defendants, and

10 | each of them, Plaintiff has been damaged in an amount that is not yet fully ascertainable but

11 | which is in excess of the jurisdictional limit of $75,000.

12 | 45.    The wrongful conduct of Defendants, and each of them, was fraudulent,

13 | oppressive, and malicious and done with conscious disregard for the rights of Plaintiff.

14 | Therefore, Plaintiff is entitled to recover from Defendants, and each of them, exemplary and

15 | punitive damages.

16 | **VI.**

17 | **SECOND CLAIM FOR RELIEF—UNFAIR COMPETITION AND**

18 | **DECEPTIVE TRADE PRACTICES**

19 | 46.    Plaintiff repeats and incorporates the allegations above as fully set forth herein.

20 | 47.    By virtue of the manner in which Defendants, and each of them, have improperly

21 | exploited the name, likeness, and identity of Dan, Defendants, and each of them, have committed

22 | acts of unfair, deceptive, confusing, untrue, and/or misleading advertising, unfair competition,

23 | and unfair business practices, and the acts of Defendants described herein above constitute unfair

24 | competition, deceptive trade practices, and false advertising in violation of, among other things,

Complaint

1 NRS 598.0915(2), (3), and (5). In doing the things alleged, Defendants have misled or at least

2 substantially confused the general public.

3    48.    The conduct of Defendants alleged herein is such that Defendants falsely,

4 unfairly, deceptively, unlawfully, and/or misleadingly stated, suggested, or implied that Dan

5 endorsed the Defendants and/or their products and merchandise and that Dan consented to the

6 exploitation of his name, likeness, and identity in the manner alleged in this Complaint, all in a

7 manner likely to mislead the general public.

8    49.    The use of his name, likeness, and identity in this context unlawfully and falsely

9 misled, deceived, substantially confused, and/or misinformed the general public.

10    50.    Defendants, and each of them, knew that their conduct alleged herein would

11 mislead, deceive, substantially confuse, and/or misinform the general public, all for the

12 Defendants' pecuniary gain and to enhance Defendants' goodwill through association with and

13 the apparent endorsement by Dan.

14    51.    As a direct and proximate result of the conduct of Defendants, and each of them,

15 as alleged herein, Defendants have earned profits in an amount that has yet to be ascertained and

16 have otherwise indirectly benefited or profited from the commercial use of Dan's name, likeness,

17 and persona without his consent. Plaintiff is entitled to receive said profits and benefits that each

18 of the Defendants should be required to disgorge, as a result of the conduct alleged in this

19 complaint.

20    52.    As a result of Defendants' wrongful conduct as alleged herein, Plaintiff seeks

21 disgorgement from Defendants, and each of them, of any and all profits or other consideration

22 obtained by or earned by each the Defendants as a proximate result of their deceptive trade

23 practices, false advertising, and unfair competition in violation of NRS 598.0915 and other

24 applicable statutes and common law. Plaintiff alleges that the amount of the wrongfully obtained

10

Complaint

1    revenues is not yet fully ascertainable but is believed to be well in excess of the jurisdictional

2    limit of $75,000.

3         53.    Any continued, unauthorized commercial use by Defendants of Dan's name,

4    likeness, or persona that is deceptive, misleading, and confusing to the viewing public will cause

5    Plaintiff irreparable harm and cannot be adequately compensated in money damages. As a result

6    of Defendants' wrongful conduct, Plaintiff seeks issuance of and is entitled to temporary,

7    preliminary, and permanent injunction, enjoining Defendants, and each of them, and their agents

8    and employees, from engaging in the conduct alleged herein constituting unlawful and unfair

9    business practices, including but not limited to, Defendants' use of Dan's name, likeness, and

10   identity for commercial purposes in a manner that is misleading and confusing to potential

11   customers that injures Plaintiff and that unjustly enriches Defendants.

12        54.    The aforementioned acts of Defendants, and each of them, were done knowingly,

13   intentionally, or with a conscious or reckless disregard of Plaintiff's rights and with the intent to

14   vex, injure, or annoy Plaintiff, such as to constitute oppression, fraud, or malice, thus entitling

15   Plaintiff to exemplary and punitive damages in an amount appropriate to punish or make an

16   example of Defendants, and each of them, and to deter such conduct in the future, the exact

17   amount of such damages subject to proof at the time of trial.

18                                            **VII.**

19   **THIRD CLAIM FOR RELIEF—VIOLATION OF 15 U.S.C. § 1125(a) (LANHAM ACT)**

20        55.    Plaintiff repeats and incorporates the allegations above as fully set forth herein.

21        56.    Defendants, and each of them, violated Section 43 of the Lanham Act, 15 U.S.C.

22   § 1125(a) and (c), by expressly and impliedly making false designations or representations of

23   origin when engaging in the following acts, including (1) misappropriating Dan's photograph,

24   likeness, and persona in advertising and promoting Ignite after December 21, 2023, including on

11

Complaint

1   Ignite's websites, social media, and marketing materials, and (2) misappropriating Dan's

2   photograph, likeness, and persona in generally enhancing the goodwill of Defendants.

3        57.    As set forth above, Defendants, and each of them, have intentionally and

4   knowingly misappropriated, exploited, and used Plaintiff's above-described valuable property

5   in connection with the goods and services advertised and promoted by Defendants for their own

6   gain, profits, promotion, and benefit.

7        58.    Defendants' misappropriation of Plaintiff's valuable publicity and property rights

8   as set forth above constitutes false and deceptive advertising and promotion that was intended to

9   cause, and has caused, confusion and deception of the consuming public by falsely and

10  fraudulently suggesting and representing by the aforesaid misappropriation, among other things,

11  that after December 21, 2023, Dan endorsed, sponsored, sanctioned, authorized, or approved of

12  Defendants' use of Dan's image and identity in Defendants' business enterprises and activities.

13       59.    Defendants' misappropriation of Plaintiff's valuable publicity and property

14  rights, as set forth hereinabove, has resulted in a dilution of the value of the aforesaid publicity

15  and property rights, thereby diminishing the value of the aforesaid valuable publicity and

16  property rights, all to the detriment and damage of Plaintiff.

17       60.    As a direct and proximate result of the aforesaid wrongful acts of Defendants, and

18  each of them, Plaintiff has suffered damage in an amount that is not yet fully ascertainable but

19  which is in excess of the jurisdictional limit of $75,000.

20       61.    Plaintiff is entitled pursuant to 15 U.S.C. § 1117(a) to three (3) times Defendants'

21  profits, or actual damages, whichever is greater, plus costs of suit.

22       / / /

23       / / /

24       / / /

12

Complaint

## VIII.

## FOURTH CLAIM FOR RELIEF—VIOLATION OF 15 U.S.C. § 1125(c)

## (LANHAM ACT)

62.     Plaintiff repeats and incorporates the allegations above as fully set forth herein.

63.     Dan's name and likeness, as well as other aspects of his identifiable persona, have, through regular, frequent, but carefully monitored and controlled commercial use, become famous trademarks and service marks.

64.     Defendants have knowingly and willfully traded on and intended to trade on Dan's reputation and willfully and intentionally diluted Dan's trademarks and service marks by unlawfully using Dan's name, likeness, and distinctive marks to market, promote, and advertise Defendants' products and services and to enhance Defendants' goodwill.

65.     Defendants' wrongful conduct and misappropriation and use of Dan's name, likeness, persona, and distinctive marks lessen the ability or capacity of the trademarks to identify, differentiate, and distinguish the services and/or goods advertised, sponsored, or offered by, or in conjunction with, Plaintiff.

66.     Defendants' conduct is wrongful and in violation of 15 U.S.C. § 1125(c).

67.     Through their wrongful conduct as alleged above, Defendants have damaged Plaintiff's business reputation and have diluted the quality as well as the uniqueness and distinctiveness of Dan's name, likeness, image, and distinctive marks. Defendants' wrongful conduct in violation of 15 U.S.C. § 1125(c) has damaged and caused irreparable injury to Plaintiff.

68.     Plaintiff is entitled to a preliminary and permanent injunction issued against Defendants, and each of them, to enjoin and prohibit any continued use, exploitation, or dilution of Dan's name, likeness, image, or distinctive marks, all as provided in 15 U.S.C. § 1125(c).

Complaint

69.    Based on the intentional and willful conduct of Defendants, Plaintiff is entitled to three times the amount of Defendants' profits or three times the amount of Plaintiff's damages, whichever is greater, together with reasonable attorney fees pursuant to 15 U.S.C. § 1117(a) and (b); and, based on Defendants' willful conduct in violation of § 1125(c), Defendants should be ordered to turn over all tangible items that are in the possession of any of the Defendants and that bear the trademarks.

## IX.

### FIFTH CLAIM FOR RELIEF—ACCOUNTING

70.    Plaintiff repeats and incorporates the allegations above as fully set forth herein.

71.    Based on the wrongful conducts of Defendants, and each of them, as alleged above, Plaintiff is entitled to a full accounting from each of the Defendants regarding each and every unauthorized use of Dan's name and/or likeness and identity for a commercial purpose and a full accounting regarding the gross revenue received by each of the Defendants as a direct or indirect result of said unauthorized and wrongful acts of each of the Defendants as alleged above.

## X.

### SIXTH CLAIM FOR RELIEF—UNJUST ENRICHMENT

72.    Plaintiff repeats and incorporates the allegations above as fully set forth herein.

73.    As a result of the wrongful acts and conduct of Defendants, and each of them, as alleged above, Defendants have been unjustly enriched and should be required and ordered to disgorge to Plaintiff all of the revenues and profits received by each of the Defendants as a direct or indirect result of Defendants' wrongful conduct.

/ / /

/ / /

14

Complaint

## XI.

### SEVENTH CLAIM FOR RELIEF—INTENTIONAL INTERFERENCE WITH

### PROSPECTIVE ECONOMIC ADVANTAGE

74.    Plaintiff repeats and incorporates the allegations above as fully set forth herein.

75.    When the Defendants learned that the Plaintiff launched separate brands and business ventures from Ignite, they engaged in a campaign aimed at disrupting Dan's relationships with suppliers and distributors by misrepresenting to them that neither Dan nor his business ventures can enter into any business relationships with such distributors or suppliers because of Dan's alleged noncompete agreement with Ignite.

76.    The Defendants specifically stated to such suppliers and distributors that Dan cannot produce or sell any products or services that compete in any way with Ignite, and they threatened that anyone who facilitates such competing ventures will be sued by Ignite.

77.    The Defendants made such false representations with the intent to harm Dan and prevent him from entering into any business relationships with suppliers or distributors of his products.

78.    Through their wrongful conduct as alleged above, Defendants have damaged Plaintiff's prospective business relationships and caused irreparable injury to the Plaintiff.

79.    Plaintiff is entitled to a preliminary and permanent injunction issued against Defendants, and each of them, to enjoin and prohibit any continued representations to anyone that Dan cannot compete with Ignite's business.

80.    As a direct and proximate result of the aforesaid wrongful acts of Defendants, and each of them, Plaintiff has been damaged in an amount that is not yet fully ascertainable but which is in excess of the jurisdictional limit of $75,000.

Complaint

81.     Plaintiff is informed and believes and thereon alleges that the wrongful conduct of Defendants, and each of them, was fraudulent, oppressive, and malicious and done with conscious disregard for the rights of Plaintiff. Therefore, Plaintiff is entitled to recover from Defendants, and each of them, exemplary and punitive damages.

## XII.

### EIGHTH CLAIM FOR RELIEF—DECLARATORY RELIEF

82.     Plaintiff repeats and incorporates the allegations above as fully set forth herein.

83.     Despite the lack of any enforceable noncompete agreement, or other legal mandate, Defendants contest and publicly misrepresent that Dan is prevented from conducting any business activities that compete with Ignite's business.

84.     As a result, Plaintiff is entitled to a declaration by this Court, in accordance with NRS 30.040, that Dan is not prevented from conducting any business activities that compete with Ignite's or other businesses of the Defendants.

## XIII.

### NINTH CLAIM FOR RELIEF—COPYRIGHT INFRINGEMENT

85.     Plaintiff repeats and incorporates the allegations above as fully set forth herein.

86.     Plaintiff is the copyright owner of the various pictures and videos unlawfully used on Ignite's websites and social media platforms that are controlled by the Defendants.

87.     Defendants have violated the exclusive rights of the Plaintiff as copyright owner as that term is used in 17 U.S.C. § 501.

88.     Defendants have violated the copyright owner's exclusive rights to reproduce such pictures and videos and other materials of Plaintiff to prepare derivative works and to distribute copies as defined in 17 U.S.C. § 106(1)-(3).

Complaint

89.    Upon information and belief, Defendants have infringed on the copyright protection of other works belonging to Plaintiff.

90.    Plaintiff seeks an injunction prohibiting Defendants from infringing on Plaintiff's copyrights pursuant to 17 U.S.C. § 502.

91.    Plaintiff seeks monetary damages as provided for by statute. 17 U.S.C. § 504.

92.    The exact amount of damages is presently unknown; however, upon information and belief, the infringement was substantial, ongoing, and willful. Accordingly, statutory damages of $150,000 per work infringed upon may be appropriate if actual damages are found to be less than this amount. 17 U.S.C. § 504(c)(2).

93.    Plaintiff seeks an award of attorney fees as allowed by statute. 17 U.S.C. § 505.

## XIV.

## **JURY DEMAND**

94.    Pursuant to Fed. R. Civ. P. 38, Plaintiffs demand trial by jury on all issues raised in this action.

**WHEREFORE**, the Plaintiffs pray that this Court enter a judgment:

1.    Awarding Plaintiff injunctive relief banning Defendants' continued infringement of the Plaintiff's right of publicity, trademarks, and copyrights;

2.    Awarding Plaintiff injunctive relief banning Defendants' continued interference with the Plaintiff's prospective economic advantage;

3.    Awarding Plaintiff economic damages in excess of $75,000, the exact amount to be determined at trial;

4.    Awarding Plaintiff noneconomic damages in excess of $75,000, the exact amount to be determined at trial;

17

Complaint

5.    Awarding Plaintiff treble damages;

6.    Awarding Plaintiff exemplary or punitive damages;

7.    Awarding Plaintiff pre-judgment and post-judgment interest;

8.    Awarding Plaintiff reasonable attorney fees and costs incurred in the prosecution of this action;

9.    Awarding Plaintiff a declaratory judgment finding that he is not prevented from competing with Ignite or any of the other Defendants; and

10.    Granting such other relief as the Court may deem just and proper.

DATED this 12th day of November, 2024.

THE MEDRALA LAW FIRM, PLLC

/s/ Jakub P. Medrala

_____

**JAKUB P. MEDRALA, ESQ.**
Nevada Bar No. 12822
615 S. 6th Street
Las Vegas, Nevada 89101
*Attorney for Plaintiff*
*Dan B. Bilzerian*

18

Complaint