# EXHIBIT 1

# EXHIBIT 1

SUPREME COURT
OF BRITISH COLUMBIA
VANCOUVER REGISTRY
JUL 08 2024

No. S-244508

Vancouver Registry

IN THE SUPREME COURT OF BRITISH COLUMBIA

BETWEEN:

IGNITE INTERNATIONAL BRANDS, LTD.

PETITIONER

AND:

INTERNATIONAL INVESTMENTS, LTD., GREGORY GILPIN-PAYNE, SCOTT ROHLEDER, ROBIN RODRIGUEZ, THOMAS BUNKER and RALPH GILPIN-PAYNE

RESPONDENTS

**PETITION TO THE COURT**

ON NOTICE TO:

INTERNATIONAL INVESTMENTS, LTD.
858 Zenway Blvd.
Basterre, St. Kitts

GREGORY GILPIN-PAYNE
Evergreen Street
McKinnons St John's
Antigua and Barbuda

SCOTT ROHLEDER
2820 W Fountain Road
Tampa, Florida, 33609
USA

ROBIN RODRIGUEZ
c/o 25th Floor
700 West Georgia St
Vancouver, BC  V7Y 1B3

THOMAS BUNKER
c/o 25th Floor
700 West Georgia St
Vancouver, BC  V7Y 1B3

RALPH GILPIN-PAYNE
c/o 25th Floor

{FLG-00646619;2}

700 West Georgia St
Vancouver, BC  V7Y 1B3

The address of the registry is:   800 Smithe Street
Vancouver, BC
V6Z 2E1

The petitioner(s) estimate(s) that the hearing of the petition will take 2 hours.

☒   This matter is not an application for judicial review.

**This proceeding is brought for the relief set out in Part 1 by**

☒   the person named as petitioner in the style of proceedings above.

If you intend to respond to this petition, you or your lawyer must

(a)   File a response to petition in Form 67 in the above-named registry of this court within the time for response to petition described below, and

(b)   Serve on the petitioner(s)

   (i)   2 copies of the filed response to petition, and

   (ii)   2 copies of each filed affidavit on which you intend to rely at the hearing.

**Orders, including orders granting relief claimed, may be made against you, without any further notice to you, if you fail to file the response to petition within the time for response.**

**Time for response petition**

A response to petition must be filed and served on the petitioner(s),

(a)   If you were served with the petition anywhere in Canada, within 21 days after that service,

(b)   If you were served with the petition anywhere in the United States of America, within 35 days after that service,

(c)   If you were served with the petition anywhere else, within 49 days after that service, or

(d)   If the time for response has been set by order of the court, within that time.

| (1) | The ADDRESS FOR SERVICE of the petitioner is:<br><br>Seva Batkin and Thomas Clifford<br>**Fraser Litigation Group** |
|---|---|

|     | |
| --- | --- |
|     | 1100 – 570 Granville Street<br>Vancouver, B.C. V6C 3P1<br>Attn: Seva Batkin and Thomas Clifford<br><br>Fax number for service (if any) of the petitioner: N/A<br><br>E-mail address for service (if any) of the petitioner: sbatkin@fraserlitigation.com and tclifford@fraserlitigation.com |
| (2) | The name and office address of the petitioner's (s') lawyer is:<br><br>Seva Batkin and Thomas Clifford<br>**Fraser Litigation Group**<br>1100 – 570 Granville Street<br>Vancouver, B.C. V6C 3P1 |

**CLAIM OF THE PETITIONER(S)**

**Part 1: ORDER(S) SOUGHT**

1. A declaration that the purported termination of Dan Bilzerian as the director and Chairman of the Petitioner on or about June 2, 2024 (the "**Purported Termination**") is of no force and effect.

2. A declaration that the purported appointment of the individual respondents, GREGORY GILPIN-PAYNE, SCOTT ROHLEDER, ROBIN RODRIGUEZ, THOMAS BUNKER and RALPH GILPIN-PAYNE (the "**Individual Respondents**"), as directors of the Petitioner on or about June 2, 2024 (the "**Purported Appointment**") is of no force and effect.

3. A declaration that Dan Bilzerian is entitled to be reflected in the Petitioner's register of directors as the sole director of the Petitioner, pursuant to ss. 228, 229 and 230 of the *Business Corporations Act*, S.B.C. 2002, c. 57 (the "***Act***").

4. A declaration that Mr. Bilzerian, as sole director of the Petitioner, is entitled to exercise all powers of management and control over the Petitioner, except as restricted by the *Act* or the articles of the Petitioner.

5. A declaration that any steps taken by or on behalf of the Individual Respondents further to the Purported Appointment as purported directors of the Company are of no force and effect, and an order setting aside all such steps.

6. A declaration that respondent SCOTT ROHLEDER is not an officer of the Petitioner or, in alternative, that SCOTT ROHLEDER is not a President or CEO of the Petitioner.

{FLG-00646619;2}

7.  A declaration that any steps taken by or on behalf of Mr. Rohleder as the CEO or President of the Company since June 11, 2024, are of no force and effect, and an order setting aside all such steps.

8.  A declaration that the Notice of Annual General Meeting dated June 21, 2024 (the "**Purported AGM Notice**"), purporting to schedule an Annual General Meeting of the Petitioner for July 11, 2024, at 6 PM EST (the "**Purported AGM**"), is of no force and effect.

9.  An interim, interlocutory, and permanent injunctions:

    (a) restraining the Individual Respondents, and each of them, from, directly or indirectly, holding themselves out or taking any steps as directors or officers of, or as being otherwise authorized to act on behalf of or with respect to the affairs of the Company, including dealing in any way with the Company's business or assets;

    (b) restraining the Individual Respondents from holding the Purported AGM;

    (c) restraining the Individual Respondents from communicating with employees of the Company or engaging in any and all actions that undermine or may have the effect of undermining or doubting the position of Mr. Bilzerian as the sole director and Chairman of the Company; and

    (d) requiring the Individual Respondents to immediately provide to Mr. Bilzerian any and all books, records and information of the Company in their possession or control, including all access information and passwords for the Company's bank accounts, websites, social media accounts, e-mail accounts, and employee communication channels, customer and supplier accounts, and restore complete and exclusive control of the Company to Mr. Bilzerian.

10. An order that the notice and service requirements for this Petition and its supporting affidavit as set forth in the *Supreme Court Civil Rules*, be waived and/or abridged.

11. Special costs.

12. Such other relief as this Honourable Court deems just and appropriate.

**Part 2: FACTUAL BASIS**

13. As will be set out in an amended petition to be filed.

**Part 3: LEGAL BASIS**

14. As will be set out in an amended petition to be filed.

**Part 4: MATERIAL TO BE RELIED UPON**

15. Affidavit #1 of Dan Bilzerian, to be sworn.

16. Such other materials as counsel will advise and the court may permit.

Date: July 8, 2024

_Signature of Thomas W. Clifford_
☐ petitioner ☒ lawyer for petitioner(s)

---

To be completed by the court only:

Order made
☐ in the terms requested in paragraphs ................... of Part1 of this petition
☐ with the following variations and additional terms:

..............................................................................................................................................

..............................................................................................................................................

..............................................................................................................................................

..............................................................................................................................................

..............................................................................................................................................

Date: ...................[dd/mmm/yyyy]...................

................................................................
Signature of ☐ Judge   ☐ Master

---

**ENDORSEMENT ON ORIGINATING PLEADING OR PETITION
FOR SERVICE OUTSIDE BRITISH COLUMBIA**

The Petitioner claims the right to serve this petition on the Respondents, or any one or more of them, outside British Columbia on the ground that it concerns a business carried on in British Columbia as set out in section 10(h) and (i) of the *Court Jurisdiction and Proceedings Transfer Act,* S.B.C. 2003, c. 28.

{FLG-00646619;2}