**GARMAN TURNER GORDON LLP**
ERIC R. OLSEN
Nevada Bar No. 3127
ERIKA PIKE TURNER
Nevada Bar No. 6454
STEVEN E. KISH III
Nevada Bar No. 15257
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000
Fax: (725) 777-3112
Email: eolsen@gtg.legal
        eturner@gtg.legal
        skish@gtg.legal
*Attorneys for Defendant Scott Rohleder*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DAN BRANDON BILZERIAN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> IGNITE INTERNATIONAL BRANDS, LTD., a foreign corporation; IGNITE INTERNATIONAL, LTD., a foreign corporation; PAUL BILZERIAN, an individual; SCOTT ROHLEDER, an individual; RUPY DHADWAR, an individual, <br><br> Defendants. | Case No. 2:24-cv-2101-RFB-NJK <br><br> **SCOTT ROHLEDER'S MOTION TO DISMISS** |

Defendant Scott Rohleder ("Rohleder"), through his counsel, Garman Turner Gordon, hereby moves to dismiss Plaintiff Dan Brandon Bilzerian's ("Plaintiff") claims against him. This Motion is made pursuant to Federal Rule of Civil Procedure 12(b), subsections (2), (3), and (6), and supported by the following Memorandum of Points and Authorities, the Declaration of Scott Rohleder ("Rohleder Decl.") and supporting exhibits attached hereto, the papers and pleadings on file herein, matters subject to judicial notice, and any argument the Court permits.

. . .

. . .

. . .

. . .

GARMAN TURNER
GORDON LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

1 of 24

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

### INTRODUCTION

This Court does not have personal jurisdiction over Rohleder. The Court's exercise of jurisdiction over Rohleder would fail to comport with federal due process because he, a nonresident, lacks sufficient minimum contacts with Nevada for the Court to exercise jurisdiction over him without offending traditional notions of fair play and substantial justice.

Moreover, even if personal jurisdiction could somehow be exercised over Rohleder, Nevada does not provide the proper venue for Plaintiff's claims. The District of Nevada is not only the improper venue, but it is also an inconvenient one such that dismissal is warranted under the doctrine of *forum non conveiens*. Plaintiff expressly references proceedings now pending in Canada (the "Canadian Proceedings"), but Plaintiff omits from his Complaint the fact that **he** initiated the Canadian Proceedings against Ignite International Brands, Ltd. ("Ignite International") and several other individual defendants—including Rohleder.[1] Plaintiff's claims in the Canadian Proceedings arise from the same transactions and occurrences as the instant action. On these facts, the Court should dismiss Plaintiff's complaint in favor of resolution in Canada.

Finally, if the Court allows Plaintiff's complaint to proceed in this district—which it should not—it must dismiss the causes of action against Rohleder under Rule 12(b)(6), because they fail to allege claims upon which relief can be granted. The claims averred are impermissibly vague and fatally defective. Among other things, Plaintiff's use of group-pleading makes it impossible to determine what, if any, conduct is attributed to Rohleder. Plaintiff also fails to allege necessary elements of his claims. For instance, Plaintiff does not identify what specific property is allegedly protected by the Lanham Act or by a registered federal copyright. Therefore, if it reaches the issue, the Court should dismiss Plaintiff's complaint against Rohleder pursuant to Rule 12(b)(6).

. . .

---

[1] (*See, e.g.*, Petition to the Supreme Court of British Columbia, Vancouver Registry Case No. S-244508, attached as **Exhibit 1**; Amended Petition to the Supreme Court of British Columbia, Vancouver Registry Case No. S-244508, attached as **Exhibit 2**; Petition to the Supreme Court of British Columbia, Vancouver Registry Case No. S-245663, attached as **Exhibit 3**; Amended Petition to the Supreme Court of British Columbia, Vancouver Registry Case No. S-245663, attached as **Exhibit 4**).

## II.
### BACKGROUND

**A. The Parties are Embroiled in a Legal Dispute in Canada Arising from the Same Issues Raised in the Instant Action.**

In July of this year, Plaintiff, purporting to act on behalf of Ignite International, brought claims against International Investments, Ltd., Gregory Gilpin-Payne, Scott Rohleder, Robin Rodriguez, Thomas Bunker, and Ralph Gilpin-Payne.[2] Those claims, like the instant action, arise from Plaintiff's termination as Ignite International's CEO and removal from its Board of Directors.[3] Plaintiff brought a second proceeding in Canada based on the same claims just months later,[4] after the Canadian Court found that Plaintiff "purported to have initiated proceedings on behalf of the company, when he had no right or authority to do so."[5] As the Honorable Justice Tammen of the Supreme Court of British Columbia described:

> The litigation to date has a tortured history, which I will not even attempt to summarize, much less describe in detail. At its core, this is a dispute over control of the company, Ignite, which primarily sells vaping and related products, largely by using the social media celebrity status of [Plaintiff] as its marketing platform.[6]

**B. Despite the Pendency of the Canadian Proceedings, Plaintiff Filed the Instant Action in this Court.**

The Supreme Court of British Columbia has already grappled with the difficult task of "craft[ing] more surgical orders which will hopefully serve the broader interests of the company and permit it to conduct its corporate business in an orderly fashion"[7] while adjudicating the remaining claims between the parties. Those efforts have been made appreciably more difficult for the Canadian Court because, "[u]nfortunately, in his efforts to regain his positions with Ignite and, by extension, control of the company, [Plaintiff] and his original lawyers, *not* counsel who

---

[2] (*See* Ex. 1).

[3] (*See generally* Ex. 2).

[4] (*See generally* Exs. 3 & 4).

[5] (*See* Oral Reasons for Judgment in *Bilzerian v. Ignite International Brands, Ltd., et al.*, Vancouver Registry No. S-245663, attached as **Exhibit 5**, at ¶ 11).

[6] (*See* Ex. 5 at ¶ 3).

[7] (*See* Ex. 5 at ¶ 7).

GARMAN TURNER
GORDON LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

3 of 24

appeared before [Justice Tammen], have made a series of serious missteps which have led to [Plaintiff] either wittingly or unwittingly abusing the process of [the Canadian] court."[8]

Plaintiff, unhappy with the results of the Canadian Proceedings, brought this action. Indeed, Plaintiff tacitly concedes that this action is brought to address the same claims and issues raised in the Canadian Proceedings, although he claims that Defendants "[a]ttempted to seize, through Canadian court proceedings, Dan's Instagram account"[9]—carefully omitting  the fact that *Plaintiff* was the one who  initiated the Canadian Proceedings.[10] Notably, Plaintiff's allegations in this case are inconsistent with sworn statements he made in the Canadian Proceedings.[11]

**C. The Complaint Does Not Allege Rohleder's Contacts with Nevada**

The Complaint avers that Ignite US[12] is a Wyoming corporation domiciled in California and Texas.[13] It does not allege any contacts with Nevada. Instead, the Complaint broadly asserts only that "Defendants purposefully availed themselves for doing business in the United States and are subject jurisdiction in any U.S. court."[14]

**III.**
**ARGUMENT**

**A. Legal Standards for Dismissal Under Rule 12(b)(2), (3) and (6).**

**1.    Rule 12(b)(2): Dismissal for lack of personal jurisdiction.**

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss a complaint for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). "To avoid dismissal, the plaintiff bears the burden of demonstrating that its allegations establish a prima facie showing of personal jurisdiction." *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th Cir. 2018) (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008)); *see also Tuazon v. R.J.*

---

[8] (Ex. 5 at ¶ 6).

[9] (Compl. at ¶ 25, subpoint 5).

[10] (*See* Exs. 1, 2, 3 & 4).

[11] (*See* Dan Brandon Bilzerian's Second Affidavit in *Bilzerian v. Ignite International Brands, Ltd., et al.*, Vancouver Registry No. S-245663, dated October 17, 2024, attached as **Exhibit 6**).

[12] The Complaint defines Ignite International, Ltd., the U.S. corporation, as "Ignite US." It defines Ignite International Brands, Ltd., the Canadian corporation, as "Ignite."

[13] (Compl. at ¶ 11).

[14] (Compl. at ¶ 5).

GARMAN TURNER
GORDON LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

*Reynolds Tobacco Co.*, 433 F.3d 1163, 1168 (9th Cir. 2006) ("A plaintiff bears the burden of establishing personal jurisdiction.").

A two-part analysis governs whether a court retains personal jurisdiction over a nonresident defendant. "First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute." *Chan v. Soc'y Exped'ns*, 39 F.3d 1398, 1404 (9th Cir. 1994). As "Nevada's long-arm statute, NRS 14.065, reaches the limits of due process set by the United States Constitution," the two prongs of the personal jurisdiction analysis are coterminous with one another. *Baker v. Eighth Jud. Dist. Ct.*, 999 P.2d 1020, 1023 (Nev. 2000); *see also Walden v. Fiore*, 571 U.S. 277, 282–84 (2014). "Second, the exercise of jurisdiction must comport with federal due process." *Chan,* 39 F.3d at 1404–05. "Due process requires that nonresident defendants have certain minimum contacts with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Chan*, 39 F.3d at 1404–05 (citing *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)).

Courts analyze this constitutional question with reference to two forms of jurisdiction: general and specific. "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe*, 326 U.S., at 317). Alternatively, "[i]n order for a court to have specific jurisdiction over a defendant, 'the defendant's suit-related conduct must create a substantial connection with the forum State.'" *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1023 (9th Cir. 2017) (quoting *Walden*, 571 U.S. 277 at)).

**2.    Rule 12(b)(3): Dismissal for improper venue and/or *forum non conveniens*.**

Federal law prescribes the venue for civil actions. *See* 28 U.S.C. § 1391(b). Under § 1391(b), venue is proper only in one of three places:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

GARMAN TURNER
GORDON LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

5 of 24

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

If an action is commenced in the improper venue, the district court can either (A) dismiss it or (B) transfer it to another district where it might have been brought. *See* 28 U.S.C. § 1406(a). Where venue is proper, the court can nonetheless transfer the case to another appropriate venue "in the interest of justice." *Id.* § 1404(a). When determining whether venue is proper, the district court views disputed facts, draws all reasonable inferences, and resolves factual disputes in favor of the non-moving party. *Murphy v. Schneider Nat'l, Inc.,* 362 F.3d 1133, 1138 (9th Cir. 2004). The district court is not, however, limited to the "four corners" of the pleadings—it can consider the existence of other facts. *See, e.g.*, *Argueta v. Banco Mexicano, S.A.,* 87 F.3d 320, 324 (9th Cir. 1996) (analyzing a motion to dismiss for improper venue involving a forum selection clause).

The dismiss-or-transfer decision is left to the court's discretion after "an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The Ninth Circuit has provided factors that district courts may consider when deciding whether to transfer a case "in the interest of justice," which include the following:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498–99.

However, transfer is limited to federal district courts; a court in the U.S. cannot transfer an action to a court in a foreign country. *See* 28 U.S.C. § 1404. Thus, under the doctrine of *forum non conveniens*, "[a] district court has discretion to decline to exercise jurisdiction in a case where litigation in a foreign forum would be more convenient for the parties." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001) (citation omitted); *see also Cheng v. Boeing Co.*, 708 F.2d 1406, 1409 (9th Cir. 1983). Before dismissing an action on this ground, a court analyzes two factors: "(1) whether an adequate alternative forum exists, and (2) whether the balance of private

GARMAN TURNER
GORDON LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

6 of 24

1  and public interest factors favors dismissal." *Lueck*, 236 F.3d at 1142.

2  **3.    Rule 12(b)(6): Dismissal for failure to state a claim.**

3  A Rule 12(b)(6) motion tests the sufficiency of a complaint. *N. Star Int'l v. Ariz. Corp.*

4  *Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Rule 8(a) "demands more than an unadorned, the

5  defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus,

6  a claim is insufficient and should be dismissed if it "lack[s] [ ] a cognizable legal theory" or there

7  is an "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica*

8  *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A claimant must allege "enough facts to state a

9  claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

10  This requires "factual content that allows the court to draw the reasonable inference that the

11  defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. It is inappropriate to assume

12  that the claimant "can prove facts which it has not alleged or that the defendants have violated

13  the … laws in ways that have not been alleged." *Assoc'd Gen. Cont'rs of Cal., Inc. v. Cal. State*

14  *Council of Carpt'rs*, 459 U.S. 519, 526 (1983).

15  When determining whether a complaint states a claim, the court accepts as true the

16  allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.

17  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the court need not assume the truth

18  of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*,

19  788 F.2d 638, 643 n.2 (9th Cir. 1986). Thus, a pleading is insufficient if it offers mere "labels and

20  conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S.

21  at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action,

22  supported by mere conclusory statements, do not suffice.").

23  Further, a court can dismiss a case under Rule 12(b)(6) when the allegations in a complaint

24  are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*,

25  629 F.3d 992, 998–99 (9th Cir. 2010); Fed. R. Evid. 201(d) ("[a] court shall take judicial notice if

26  requested by a party and supplied with the necessary information."). An "adjudicative fact" may

27  be judicially noticed if it is "not subject to reasonable dispute in that it is either (1) generally known

28  within the territorial jurisdiction of the trial court or (2) capable of accurate and ready

Garman Turner
Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

7 of 24

determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). For instance, courts may take judicial notice of public documents. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

**B. The Court Does Not Have Personal Jurisdiction Over Rohleder.**

**1. Rohleder is not subject to general personal jurisdiction in Nevada.**

As noted above, Plaintiff does not even attempt to allege general personal jurisdiction over Rohleder. "A state court may exercise general jurisdiction only when a defendant is 'essentially at home' in the State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (quoting *Goodyear Dunlop Tires Ops., S. A. v. Brown*, 564 U.S. 915, 919 (2011). "In what [the United States Supreme Court] ha[s] called the 'paradigm' case, an individual is subject to general jurisdiction in her place of domicile." *Id.* at 358–59 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)).

Rohleder is a North Carolina resident.[15] He was served with process at his home in North Carolina.[16] He is not a Nevada resident, owns no property in Nevada, and does not do business in Nevada.[17] Rohleder is simply not subject to general personal jurisdiction in this Court.

**2. Rohleder is not subject to specific personal jurisdiction in Nevada.**

Rohleder is not subject to specific personal jurisdiction in this District, either. "Specific jurisdiction is different: It covers defendants less intimately connected with a State, but only as to a narrower class of claims. … [B]ecause the defendant is not 'at home' … [t]he plaintiff's claims … 'must arise out of or relate to the defendant's contacts' with the forum." *Ford Motor Co.*, 592 U.S. at 359. Plaintiff must demonstrate that Rohleder's contacts with Nevada are sufficient to establish specific personal jurisdiction in the state "under a three-prong test":

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

---

[15] (Rohleder Decl. at ¶ 2).

[16] (Rohleder Decl. at ¶ 2)

[17] (Rohleder Decl. at ¶¶ 2, 4, 7–8).

1    *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (quoting

2    *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

3    "[Plaintiff] bears the burden of satisfying the first two prongs. If [Plaintiff] does so, the

4    burden then shifts to [Ignite US] to set forth a 'compelling case' that the exercise of jurisdiction

5    would not be reasonable." *Id.* (citing *Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir. 1990), then

6    quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476–78 (1985)). As to the first prong,

7    "[t]he contacts needed for this kind of [specific personal] jurisdiction often go by the name

8    'purposeful availment.'" *Ford Motor Co.*, 592 U.S. at 359 (citing *Burger King,* 471 U.S. at 475).

9    The *Calder* effects test is appropriate in tort and "tort-like" cases—which, as the Ninth Circuit has

10   held, includes copyright infringement claims. *Mavrix Photo*, 647 F.3d at 1228 (discussing *Calder*

11   *v. Jones*, 465 U.S. 783 (1984)) ("Because Mavrix has alleged copyright infringement, a tort-like

12   cause of action, purposeful direction 'is the proper analytical framework.'").

13   "The [*Calder*] 'effects' test … requires that 'the defendant allegedly must have (1)

14   committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the

15   defendant knows is likely to be suffered in the forum state.'" *See id.* "The contacts must be the

16   defendant's own choice and not 'random, isolated, or fortuitous.' They must show that the

17   defendant deliberately 'reached out beyond' [his] home—by, for example, 'exploiting a market' in

18   the forum State or entering a contractual relationship centered there." *Ford Motor Co.*, 592 U.S.

19   at 359 (quoting *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 774 (1984), and then quoting *Walden*

20   *v. Fiore*, 571 U.S. 277, 285 (2014)). "[I]f the plaintiff fails at the first step, the jurisdictional inquiry

21   ends and the case must be dismissed." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

22   Here, Plaintiff has alleged no facts—zero—to show that Rohleder "purposefully direct[ed]

23   his activities" to Nevada or consummated a transaction in Nevada. Likewise, Plaintiff's claims are

24   not alleged to have arisen from any conduct in or related to Nevada. The only allegation that comes

25   close, but does not mention Rohleder specifically, is that "the claim in this complaint relate to

26   [Defendants'] maintenance and operation of many websites and social media accounts that are

27   interactive and fully accessible to residents of this District."[18] This allegation is insufficient,

28

---

[18] (Compl. at ¶ 5).

Garman Turner
Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

9 of 24

particularly as Plaintiff does not allege that the website belongs to Rohleder. Nor does Plaintiff allege that Rohleder personally interacts with, manages, supervises, or is otherwise involved with the unspecified websites and social media accounts.

Moreover, the claim that the unspecified "website and social media accounts" maintained or operated by one or more of the Defendants are "fully accessible" in Nevada is, without more, insufficient as a matter of law to render Rohleder subject to personal jurisdiction in this District. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002) (Where a defendant had posted a website but "had done nothing to encourage residents of the forum state to access its site," the Ninth Circuit found no personal jurisdiction.). *See also Asahi Metal Indus. Co. v. Sup'r Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 112 (1987) ("[A] defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.").

Because Plaintiff fails the first two prongs, this Court need not get to the third prong of the *Calder* specific jurisdiction test. Even if it did reach that third prong, the Court would find Plaintiff fails the  seven-factor balancing test, under which a court considers:

> (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Menken v. Emm,* 503 F.3d 1050, 1060 (9th Cir. 2007).

The first two prongs weigh strongly in favor of dismissal. Rohleder has not purposefully interjected himself into the affairs of this State or District, and it would be unduly burdensome for him to defend against litigation pending on the other side of the country, in a District with which Rohleder has had no meaningful contact or involvement. Further demonstrating the burden to Rohleder, the documents, witnesses, and other evidence upon which he will rely in his defense are not located in Nevada. Faced with these fatal flaws in his Complaint, Plaintiff merely alleges that "Defendants purposefully availed themselves for doing business in the Unites States and are

subject to jurisdiction in any U.S. court."[19] In so arguing, Plaintiff attempts to invoke "Federal Rule of Civil Procedure 4(k)(2), known as the federal long-arm statute." *Best Odds Corp. v. iBus Media Ltd.*, No. 2:13-CV-02008-RCJ, 2014 WL 2527145, at *3 (D. Nev. June 4, 2014), *aff'd,* 655 F. App'x 582 (9th Cir. 2016).

Plaintiff, however, wholly ignores the three requirements for Rule 4(k)(2) jurisdiction: "(1) plaintiff's cause of action arises under federal law; (2) the defendant **is not subject to personal jurisdiction in any state court of general jurisdiction**; and (3) the exercise of personal jurisdiction over the defendant would comport with due process." *Id.* (emphasis added) (citing *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,* 284 F.3d 1114, 1126 (9th Cir. 2002)). Plaintiff's attempt to invoke Rule 4(k)(2) is without merit. Rohleder is subject to personal jurisdiction in a state court of general jurisdiction. After all, Rohleder lives in North Carolina.[20] On the face of the Complaint, Rohleder would be subject to personal jurisdiction in Florida, where he is alleged to live (and previously lived).[21]

The remaining factors also weigh against exercising personal jurisdiction because this Court can and should defer to the Canadian Proceedings (discussed in further detail below), where the parties are already adjudicating the claims at issue in this action. It conflicts with the sovereignty of the Canadian Proceedings (factor three), which has a vested interest in adjudicating the claims that *Plaintiff brought* in that forum (factors four and six). Allowing Plaintiff to forum shop after electing to bring his claims in Canada would waste both public and private resources and subject the parties to the risk of inconsistent judgments (factor five).

## C. Dismissal is Appropriate Because this District is an Improper or, at the Very Least, Inconvenient Forum.

### 1. The District of Nevada is an improper venue under 28 U.S.C. § 1391(b).

Federal law prescribes—and proscribes—where a plaintiff may file an action. *See* 28 U.S.C. § 1391. Courts can and should dismiss cases that are brought in the "wrong" or "improper" venue. As the Supreme Court as explained:

---

[19] (Compl. at ¶ 4).

[20] (Rohleder Decl. at ¶ 2).

[21] (Compl. at ¶ 14).

GARMAN TURNER
GORDON LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

This question—whether venue is "wrong" or "improper"—is generally governed by 28 U.S.C. § 1391. That provision states that "[e]xcept as otherwise provided by *law* ... this section *shall* govern the venue of *all civil actions* brought in district courts of the United States." § 1391(a)(1) (emphasis added). It further provides that "[a] civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." § 1391(b). When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a).

*Atl. Marine Const. Co. v. U.S. Dist. Ct., W. Dist. of Tex.*, 571 U.S. 49, 55–56 (2013).

Here, § 1391(b)(1) is plainly inapplicable, as **none** of the Defendants are residents of Nevada. Section 1391(b)(3) is likewise inapplicable for the same reason that Plaintiff's attempt at Rule 4(k)(2) jurisdiction fails—there is another venue in which Rohleder is subject to personal jurisdiction: his home state and district, the Eastern District of North Carolina.[22] Even though the Complaint erroneously identifies Rohleder's home as his previous residence in Florida, the Complaint on its face provides that the Northern, Middle, or Southern Districts of Florida would be a more appropriate venue than the District of Nevada.[23] Thus, the only remaining basis for venue in this Court is § 1391(b)(2): "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Plaintiff's claims fail under this prong, too.

The claims here do not arise out of any property located in or actions taken in Nevada. Rather, Plaintiff's claims arise from his alleged termination as Ignite International's CEO, his removal from Ignite International's Board of Directors,[24] and Ignite International's alleged operation of unspecified "websites" and social media accounts, including a single identified "Instagram account called @ignite.intl."[25] None of that conduct is alleged to have occurred in—

[22] (Rohleder Decl. at ¶ 2).
[23] (*See* Compl. at ¶ 14).
[24] (*See* Compl. at ¶¶ 22–23).
[25] (*See* Compl. at ¶¶ 24–25).

1  or have any meaningful connection to—Nevada. Accordingly, 28 U.S.C. § 1391 should be the

2  beginning and end of the inquiry. Venue is improper. Plaintiff's claims should be dismissed.

3      **2.   This Court should dismiss this action in favor of the pending Canadian**

4      **Proceedings because the District of Nevada is an inconvenient forum.**

5      The Court should dismiss Plaintiff's claims under the doctrine of *forum non conveniens*,

6  because "litigation in a foreign forum would be more convenient for the parties." *Lueck*, 236 F.3d

7  at 1142 (citation omitted); *see also Cheng*, 708 F.2d at 1409. Both of the *forum non conveniens*

8  factors— "(1) whether an adequate alternative forum exists, and (2) whether the balance of private

9  and public interest factors favors dismissal"—are satisfied here. *Lueck*, 236 F.3d at 1142.

10     "The Supreme Court has held that an alternative forum ordinarily exists when the defendant

11 is amenable to service of process in the foreign country." *Lueck*, 236 F.3d at 1143. An alternative

12 forum is not inadequate simply because it does not have all the same procedural trappings as the

13 American judiciary; nor does a forum become inadequate simply because the law of the foreign

14 jurisdiction is less favorable to the plaintiff than the corresponding laws of the United States. *See,*

15 *e.g.*, *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 236 (1981); *Lockman Found. v. Evangelical All.*

16 *Mission*, 930 F.2d 764, 768–69 (9th Cir. 1991); *McNeil v. Stanley Works*, 33 F. App'x 322, 325 (9th

17 Cir. 2002). As the United States Supreme Court explained, "the possibility of an unfavorable

18 change in law" is not grounds to deny dismissal for *forum non conveniens*. *Piper Aircraft Co.*, 454

19 U.S. at 236. For instance, the Ninth Circuit held Japan was an adequate alternative forum in

20 *Lockman Foundation* even though (A) the Japanese judicial system did not provide for jury trials,

21 as the plaintiff had requested, and (B) Japanese law may not recognize the plaintiff's RICO or

22 Lanham Act claims. *See Lockman Found.*, 930 F.2d at 768–69 (collecting cases).

23     Consistent with those principles, the Ninth Circuit in *McNeil v. Stanley Works* found that

24 Canada is an adequate alternative forum even if "the rights and legal protections provided by

25 Canadian law may be less extensive than those afforded by United States law." *McNeil*, 33 F.

26 App'x at 325. Of particular relevance here, the *McNeil* court noted that Canada was an adequate

27 alternative forum after "[defendant] stipulated that it would submit to jurisdiction in Canada should

28 [plaintiff] bring his claims as crossclaims **in the Canadian litigation already pending between**

Garman Turner
Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

13 of 24

**the parties**, or in a separate action." *Id.* (emphasis added). Other district courts in the Ninth Circuit have done so, as well. *See, e.g.*, *Etaliq, Inc. v. Cisco Sys., Inc.*, No. CV-113672 GAF (FFMx), 2011 WL 13220445, at *8 (C.D. Cal. July 20, 2011) (granting a motion to dismiss for *forum non conveniens* after "conclude[ing] that Canada is an available and adequate alternative forum").

There is undoubtedly an adequate alternative forum available to Plaintiff. He himself initiated the Canadian Proceedings to vindicate his rights arising from his purportedly wrongful termination as CEO and his removal as a Director. Only after Plaintiff was dissatisfied with the decisions of the Supreme Court of British Columbia in the Canadian Proceedings did he bring the instant action in this Court. Plaintiff is plainly seeking to collaterally attack the results in the Canadian Proceedings—and unduly burden the defendants in the process. This amounts to blatant forum shopping.

On these facts, the public-and-private-interest factor is also met. The evidence to be produced, facts to be presented, witnesses to be called, and arguments to be made in the pending Canadian Proceedings are the same those to be produced, presented, called, and made in this action. **Plaintiff** elected to bring his claims in the Canadian Court in the first instance. Only now that he is unhappy with the decisions against him does he seek to burden the Defendants with defending against litigation in this District, with which Rohleder otherwise has no sufficient contacts. Just as it fails to comport with fair play and substantial justice to assert jurisdiction over parties that have no sufficient contacts with Nevada, it does not serve public or private interests to subject Rohleder and the Defendants to simultaneous and duplicative actions in two separate forums. This action should be dismissed.

**D.  Dismissal for Failure to State a Claim Against Rohleder.**

As detailed above, the Court should dismiss this action against Rohleder pursuant to Rule 12(b)(2) for lack of personal jurisdiction and/or Rule 12(b)(3) for improper venue. If the Court were to somehow deny relief on those grounds, however, it would see that the Complaint also fails to allege any claim for which relief could be granted against Ignite US.

. . .

. . .

Garman Turner
Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

14 of 24

**1.  None of Plaintiff's vague, group-pled claims allege any conduct by Rohleder.**

Plaintiff's claims fail as they are all impermissibly "group pled." Federal courts, including the Ninth Circuit, disapprove of summarily grouping defendants together so as to make "'everyone did everything' allegations." *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011). "[T]he well-established law in this circuit that so-called 'shotgun pleadings' do not satisfy Rule 8's notice requirement." *Resh, Inc. v. Skimlite Mfg. Inc.*, 666 F. Supp. 3d 1054, 1059 (N.D. Cal. 2023). "Plaintiff's failure to parse out which allegations are levied against which Defendants 'makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiff['s] allegations.'" *Id.* (citation omitted). "[B]y lumping all [Defendants] together, Plaintiff[ ] ha[s] not stated sufficient facts to state a claim for relief that is plausible against *one* Defendant." *In re iPhone App. Litig.*, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011) (emphasis in original); *see also Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1103 (E.D. Cal. 2014) ("Specific identification of the parties to the activities alleged by the plaintiffs is required in this action to enable the defendant to plead intelligently.")Thus, courts regularly dismiss claims raised in shotgun or that "use impermissible 'group pleading'" to categorize "individual defendants into broad groups" without "plausibly alleg[ing] how any particular defendant's behavior was unlawful." *See, e.g.*, *Dana v. Idaho Dep't of Corr.*, No. 23-35047, 2024 WL 2862581, at *1 (9th Cir. June 6, 2024).

Plaintiff summarily alleges Rohleder's general involvement in (A) removing Plaintiff from Ignite International's board of directors[26] and (B) a "smear campaign" against Plaintiff.[27] Every other allegation is group-pled.[28] No one, including Rohleder, can determine from the Complaint's generalized shotgun pleading what, if anything, ***Rohleder*** is alleged to have done. There are no averments of who, if anyone, Rohleder supposedly contacted, when Rohleder contacted them, or what Rohleder said. There are no allegations regarding what ***Rohleder*** did to infringe on or interfere with Plaintiff's unspecified marks, copyrights, or prospective contracts. On these facts—or, rather, lack thereof—Plaintiff's Complaint against Rohleder must be dismissed.

---

[26] (Compl. at ¶¶ 22–23).

[27] (Compl. at ¶¶ 34–35).

[28] (*See generally* Compl. at ¶¶ 37–93).

GARMAN TURNER
GORDON LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

15 of 24

**2. Each of Plaintiff's claims is otherwise fatally defective.**

*i. Misappropriation of statutory and common law right of publicity.*

"The elements of a claim of misappropriation of the right of publicity are '(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury.'" *Sarver v. Chartier*, 813 F.3d 891, 903 (9th Cir. 2016). However, the Ninth Circuit has acknowledged that many statutory or common law right of publicity claims are preempted by the federal Copyright Act. *See generally Laws v. Sony Music Ent., Inc.*, 448 F.3d 1134 (9th Cir. 2006). To avoid preemption, a right of publicity claim must "not concern the subject matter of copyright" while "contain[ing] qualitatively different elements than those contained in a copyright infringement suit." *Id.* at 1145.

No one, including Rohleder, can determine from these averments how Plaintiff's name and/or likeness are being appropriated by any of the Defendants, let alone by Rohleder in particular. Nor can one distinguish between Plaintiff's common law publicity assertions and those he claims as copyrighted.

Moreover, as with the other claims one cannot determine what Rohleder is alleged to have done. It must be noted that the Complaint alleges Plaintiff directed his purported November 4, 2024, "demand to cease and desist from using his name and likeness and otherwise exploiting his intellectual property rights" only to Ignite International and not to Rohleder individually.[29] Taking the Complaint at face value, as the Court must, it fails to state a claim for relief against Rohleder in the First Claim for Relief.

. . .

. . .

. . .

. . .

. . .

. . .

---

[29] (Compl. at ¶ 31).

### ii.    Unfair competition and deceptive trade practices.

Under Nevada's Deceptive Trade Practices Act ("DTPA"), a defendant is liable if it:

Knowingly passes off goods or services for sale or lease as those of another person … [u]ses deceptive representations or designations of geographic origin in connection with goods or services for sale or lease … makes a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith … [or] [r]epresents that goods or services for sale or lease are of a particular standard, quality or grade, or that such goods are of a particular style or model, if he or she knows or should know that they are of another standard, quality, grade, style or model.

Nev. Rev. Stat. § 598.0915(1), (4), (5), & (7); *see also BBK Tobacco & Foods, LLP v. Aims Grp. USA Corp.*, 723 F. Supp. 3d 973, 986 (D. Nev. 2024).

The Complaint's vague allegations fail to state a discernable connection between any of the Defendants and this statute. Again, the claim makes no specific allegation against Rohleder. The only averments germane to this claim assert the Ignite International, and no one else, was allegedly using Plaintiff's name, likeness, and otherwise undescribed intellectual property rights in some unspecified manner. Again, taking the Complaint at face value, as the Court must, it fails to state a claim for relief against Rohleder on the Second Claim for Relief.

### iii.    False designations of origin under the Lanham Act, 15 U.S.C. § 1125(a).

To prevail on a claim of false association or false designation of origin, Plaintiff must plead and prove the following elements:

(1) defendant used a designation (any word, term, name, device, or any combination thereof) or false designation of origin; (2) the use was in interstate commerce; (3) the use was in connection with goods or services; (4) the designation or false designation is likely to cause confusion, mistake, or deception as to (a) the affiliation, connection, or association of defendant with another person, or (b) as to the origin, sponsorship, or approval of defendant's goods, services, or commercial activities by another person; and (5) the plaintiff has been or is likely to be damaged by these acts.

*BBK Tobacco & Foods*, 723 F. Supp. 3d at 984 (quoting *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 143 F. Supp. 3d 982, 1015 (N.D. Cal. 2015)).

Concerning this Third Claim for Relief, Plaintiff generally avers that the Defendants used his "photograph, likeness, and persona" in promoting Ignite International after he was removed as

the CEO of that company and that they did so to enhance the goodwill of the Defendants. Two substantial flaws in this claim become immediately apparent.

First, Plaintiff fails to provide even one example where a word, term, name, device, or combination that was used in violation of 15 U.S.C. § 1125(a) after his alleged termination as CEO on December 21, 2023. (Plaintiff remained on the Ignite International board until June 2024.)[30]

Second, Plaintiff fails to allege that Rohleder, as opposed to Ignite International, used his "photograph, likeness, and persona." Once again, the Complaint alleges that Plaintiff only made demand on Ignite International and not Rohleder to cease and desist from its alleged uses.

The general and vague averments in the Complaint alone do not state a claim for violation of 15 U.S.C. § 1125(a), and the claim must be dismissed.

### iv. *Trademark infringement under the Lanham Act, 15 U.S.C. § 1125(c).*

To prevail on a trademark infringement claim, a plaintiff must show: "(1) it has a valid, protectable mark; and (2) the defendant's use of the mark is likely to cause consumer confusion." *OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, 897 F.3d 1008, 1022 (9th Cir. 2018). However, 15 U.S.C. § 1125(c) specifically addresses dilution by blurring or dilution of a trademark by tarnishment. It allows the remedy of an injunction the following circumstances:

> Subject to the principles of equity, the owner of a famous mark that is distinctive, inherently or through acquired distinctiveness, shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury.

This section, on its face, requires the use of a mark so similar to a Plaintiff's famous trade or service mark that will cause "cause dilution by blurring or dilution by tarnishment of the famous mark." Plaintiff does not plead either blurring or tarnishment in the Complaint, let alone attribute it to Rohleder. The Fourth Claim for Relief must also be dismissed pursuant to Rule 12(b)(6).

. . .

. . .

---

[30] (Compl. at ¶ 23).

GARMAN TURNER
GORDON LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

18 of 24

### v. *Accounting.*

"An accounting is an equitable remedy, not an independent cause of action." *W. Nev. Supply Co. Profit-Sharing Plan & Tr. v. Aneesard Mgmt., LLC*, No. 3:09–CV–00737–ECR–VPC, 2011 WL 1118683, at *6 (D. Nev. Mar. 24, 2011) (citing *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478 (1962)). "The necessary prerequisite to the right to maintain a suit for an equitable accounting, like all other equitable remedies, is ... the absence of an adequate remedy at law." *Dairy Queen,* 369 U.S. at 478. *See also Douglas Coder & Linda Coder Fam. LLLP v. RNO Exhibitions, LLC*, No. 3:19-CV-00520-MMD-CLB, 2021 WL 1234500, at *1 (D. Nev. Apr. 1, 2021) ("[A]n accounting is more of a remedy than a claim."); *Whittum v. Educ. Credit Mgmt. Corp.*, No. 2:18-CV-01495-JAD-DJA, 2020 WL 3621342, at *2 n.13 (D. Nev. July 2, 2020) ("Whittum acknowledges that her fifth 'cause of action' for declaratory relief and accounting is simply a prayer for those equitable remedies."); *Nascimento v. Wells Fargo Bank, NA*, No. 2:11-CV-1049 JCM GWF, 2013 WL 6579575, at *7 (D. Nev. Dec. 13, 2013), *dismissed* (July 8, 2013) ("Plaintiff's last claim for relief seeks accounting and declaratory relief. These are equitable remedies and not independent causes of action.").

As accounting does not constitute a claim for relief, but only a remedy, the Fifth Claim fails.

### vi. *Unjust enrichment.*

Under Nevada law, "[u]njust enrichment has three elements: [1] 'the plaintiff confers a benefit on the defendant, [2] the defendant appreciates such benefit, and [3] there is acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof.'" *Nautilus Ins. Co. v. Access Med., LLC*, 137 Nev. 96, 101, 482 P.3d 683, 688 (2021) (citation omitted).

The averments of the Complaint do not allege any direct relationship between Plaintiff and Rohleder by which Plaintiff could have conferred a benefit upon Ignite US. Thus, the cause of action fails to meet all three elements for a claim of unjust enrichment, and it must be dismissed pursuant to Rule 12(b)(6).

. . .

GARMAN TURNER
GORDON LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

### vii.    Intentional interference with prospective economic advantage.

Plaintiff's Seventh Claim for Relief fails on its face. To prevail on an intentional interference with prospective economic advantage claim under Nevada law, Plaintiff must plead and prove five elements:

> (1) A prospective contractual relationship between the plaintiff and a third party; (2) The defendant's knowledge of this prospective relationship; (3) The intent to harm the plaintiff by preventing the relationship; (4) The absence of privilege or justification by the defendant; and (5) Actual harm to the plaintiff as a result of the defendant's conduct.

*Consol. Generator-Nev., Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1255 (1998) (quoting *Leavitt v. Leisure Sports Inc.*, 103 Nev. 81, 88, 734 P.2d 1221, 1225 (1987)).

Like the Fifth Claim for Relief, the Sixth Claim for Relief of Plaintiff's Complaint fails to properly allege any of the required elements. It does not identify any prospective relationship between Plaintiff and any third party. As such, it cannot allege any Defendant's knowledge of such relationship. The claim also fails to allege intent on the part of Rohleder to harm Plaintiff by preventing some undisclosed prospective relationship, the absence of privilege and justification are not averred, and only a conclusory statement of damage is asserted.

Once again, this cause of action fails to allege a claim for which relief can be granted by this Court and it must be dismissed as to Rohleder.

### viii.    Declaratory relief.

The Eighth Claim for Relief is fatally defective as it is not a standalone cause of action and, under longstanding federal law, the Court should decline to issue a declaration that, as here, would not be helpful in resolving the dispute between the parties. Pursuant to the Declaratory Judgment Act, the court has the authority to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). In other words, the Declaratory Judgment Act allows federal courts to provide declaratory relief as a **remedy**—declaratory relief is not, itself, an independently actionable claim in federal court. *See*, *e.g.*, *Villa v. Silver State Fin. Servs., Inc.*, No. 2:10-CV-02024-LDG, 2011 WL 1979868, at *10 (D. Nev. May 20, 2011).

. . .

GARMAN TURNER
GORDON LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

20 of 24

Even though the Declaratory Judgment Act "gave the federal courts **competence** to make a declaration of rights, it **did not impose a _duty_** to do so." *Pub. Affairs Assocs. v. Rickover,* 369 U.S. 111, 112, (1962) (emphasis added). Consistent with declaratory relief remedial nature, the Declaratory Judgment Act does not create an independent basis for jurisdiction; rather, the party seeking declaratory relief must establish a "case of actual controversy." *Skelly Oil Co. v. Phillips Petro. Co.,* 339 U.S. 667, 671–72 (1950). *See also* 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction … ."); *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005) (The court "must first inquire whether there is an actual case or controversy within its jurisdiction.").

"If the suit passes constitutional and statutory muster, the district court must also be satisfied that entertaining the action is appropriate." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998). "It is well settled, however, that a declaratory judgment may be refused where it would serve no useful purpose … ." *McGraw-Edison Co. v. Preformed Line Prods. Co.*, 362 F.2d 339, 343 (9th Cir. 1966). Declaratory relief does not serve a useful purpose when "it is being sought merely to determine issues which are involved in a case already pending and can be properly disposed of therein … ." *Id.* Thus, "a court may decline to hear a claim for declaratory relief if adjudication of the issues raised in other claims would fully and adequately determine all matters actually in controversy between the parties." *Philips Med. Cap., LLC v. Med. Insights Diags. Ctrs., Inc.*, 471 F. Supp. 2d 1035, 1048 (N.D. Cal. 2007).

The court "must decide whether to exercise its jurisdiction by analyzing the factors set out in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942), and its progeny." *Robinson*, 394 F.3d at 669. These factors include: (1) avoiding needless determination of state laws; (2) discouraging litigants from filing declaratory actions as a means of forum shopping; and (3) avoiding duplicative litigation. *See, e.g., Robinson*, 394 F.3d at 672; *Dizol*, 133 F.3d at 1225; *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371–73 (9th Cir. 1991). "This determination is discretionary, for the Declaratory Judgment Act is 'deliberately cast in terms of permissive, rather than mandatory, authority.'" *Dizol*, 133 F.3d at 1223 (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 250 (1952) (Reed, J., concurring)).

GARMAN TURNER
GORDON LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

21 of 24

Here, the Court should construe Plaintiff's declaratory relief "claim" as, at most, a prayer for relief. The Plaintiff has not pleaded sufficient facts to establish the helpfulness of—let alone his entitlement to—a declaration from this Court. What Plaintiff *does* plead shows this Court should decline to exercise jurisdiction over the declaratory relief claim for three reasons. First, declaratory relief will not be helpful in this case as it is being sought merely to determine issues which are involved in a case already pending (i.e., the Canadian Proceedings) and can be properly disposed of therein. *Compare McGraw-Edison Co.*, *supra*. Second, the *Brillhart* factors cut against Plaintiff because his declaratory relief claim is transparently an attempt to forum shop—which this Court should discourage, not reward. *Compare Robinson*, *supra*. Accordingly, the Court should dismiss the Eighth Claim for Relief. Third, Plaintiff does not aver any direct relationship with Rohleder that the Court could possibly interpret.

### ix. Copyright infringement.

Plaintiff's Ninth Claim for Relief also fails on the face of the Complaint. Federal law unambiguously provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). The United States Supreme Court has confirmed this express statutory requirement: "Before pursuing an infringement claim in court, however, a copyright claimant generally must comply with § 411(a)'s requirement that 'registration of the copyright claim has been made.'" *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 301 (2019) (citing 17 U.S.C. § 411(a)). "Compliance with the registration requirements of 17 U.S.C. § 411(a) is not a condition of copyright protection **but is a prerequisite to suing for infringement**." *Ambrosetti v. Oregon Cath. Press*, 458 F. Supp. 3d 1013, 1016 (N.D. Ind. 2020) (emphasis added).

Plaintiff's copyright infringement fails as a factual matter. Plaintiff specifically avers only that (A) various unspecified pictures and videos appear on Ignite's websites and social media platforms, and (B) certain photographs are "copyrighted."[31] Plaintiff does not allege any copyright infringement specifically by Rohleder, does not identify which photos are copyrighted, or specify

---

[31] (Compl. at ¶ 24).

GARMAN TURNER
GORDON LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

1  who holds the purported copyright.

2  Moreover, the cause of action fails to state claim for relief as a matter of law. Plaintiff fails

3  to aver that he federally registered his purported copyright. Instead, Plaintiff alleges that he owns

4  a copyright as the term is used in 17 U.S.C. § 501, and that he owns the exclusive right to derivative

5  works as defined in 17 U.S.C. § 106 (1)–(3).[32] This is insufficient as a matter of law because, as

6  set forth above, registration is a *prerequisite* to filing an action pursuant to 17 U.S.C. § 501, *et seq.*

7  Accordingly, this claim must be dismissed.

8
                                    **IV.**
9                             <u>**CONCLUSION**</u>

10  Plaintiff, Rohleder, , and the other yet-to-be-served defendants are already embroiled in

11  litigation in Canada to address the issues raised in the instant Complaint. Plaintiff re-raised these

12  issues in this jurisdiction only after receiving several adverse rulings and determinations in the

13  Canadian Proceedings. Unfortunately for Plaintiff, this Court does not have personal jurisdiction—

14  whether general or specific—over Rohleder. Further still, this Court is an improper and

15  inconvenient forum. All of these defects warrant dismissal of this action so that the claims can be

16  fully and finally adjudicated in Canada. Even if this Court is inclined to find, retain, and exercise

17  jurisdiction over this case and personal jurisdiction over Rohleder, Plaintiff's Complaint fails to

18  state a claim against Rohleder upon which relief can be granted. The Court should grant the Motion

19  and either dismiss this case or, at the very least, dismiss all claims against Ignite US.

20  DATED December 26, 2024.

21

22                                          **GARMAN TURNER GORDON LLP**

23                                          */s/ Eric R. Olsen*
                                            ERIC R. OLSEN (SBN 3127)
24                                          ERIKA PIKE TURNER (SBN 6454)
                                            STEVEN E. KISH III (SBN 15257)
25                                          7251 Amigo Street, Suite 210
                                            Las Vegas, Nevada 89119
26                                          Tel: (725) 777-3000
                                            *Attorneys for Defendant Scott Rohleder*
27

28

[32] (Compl. at ¶¶ 83–84).

GARMAN TURNER GORDON LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

## CERTIFICATE OF SERVICE

The undersigned, an employee of Garman Turner Gordon LLP, hereby certifies that on the 26th day of December 2024, he caused a copy of the foregoing **SCOTT ROHLEDER'S MOTION TO DISMISS** to be served electronically to all parties of interest through the Court's CM/ECF system as follows:

Jakub P. Medrala, Esq.
THE MEDRALA LAW FIRM, PROF. LLC
615 S. 6th Street
Las Vegas, Nevada 89101
Email: jmedrala@medralaw.com
*Attorneys for Plaintiff Dan B. Bilzerian*

*/s/ Max Erwin*
An employee of
GARMAN TURNER GORDON LLP

GARMAN TURNER
GORDON LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000