PAUL A. BILZERIAN, PRO SE
858 Zenway Boulevard
Frigate Bay, St. Kitts
P.O. Box 2086
Basseterre, St. Kitts
Tel: +1 (869) 466-8000
Email: pabilzeria@aol.com

FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD
MAR 14 2025
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DAN BRANDON BILZERIAN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> IGNITE INTERNATIONAL BRANDS, LTD., a foreign corporation; IGNITE INTERNATIONAL, LTD., a foreign corporation; PAUL BILZERIAN, an individual; SCOTT ROHLEDER, an individual; RUPY DHADWAR, an individual, <br><br> Defendants. | Case No. 2:24-cv-2101-RFB-NJK <br><br> **PAUL BILZERIAN'S VERIFIED MOTION TO DISMISS** |

Defendant Paul Bilzerian hereby files his Verified Motion to Dismiss Plaintiff Dan Bilzerian's claims against him and, in support, declares on March 14, 2025, under penalty of perjury, that the following is true and correct.

This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(2) and (6).

### INTRODUCTION

The Complaint alleges that "Defendants purposefully availed themselves for doing business in the United States and are subject to jurisdiction in any U.S. court." (Complaint at ¶ 5). There is no specific allegation that Bilzerian is doing business in the United States. As a result, this Court does not have personal jurisdiction over Paul Bilzerian, who is not an American citizen or resident, and who has not been to the United States in the past five years, and who does not even have a visa to enter the United States, and who lacks sufficient minimum contacts with Nevada or the United States. The Court's exercise of jurisdiction over Paul Bilzerian would be inconsistent with federal due process and would offend traditional notions of fair play and substantial justice. The complaint should be dismissed for lack of personal jurisdiction under Rule 12(b)(2).

If the Court allows Plaintiff's complaint to proceed it should dismiss the causes of action against Paul Bilzerian under Rule 12(b)(6), because they are too vague to determine which claims apply to which defendant and the allegations fail to allege the necessary elements for each cause of action with respect to Paul Bilzerian. Therefore, if it reaches the issue, the Court should dismiss Plaintiff's complaint against Paul Bilzerian for failure to state a claim upon which relief can be granted.

## ARGUMENT

### A. Legal Standards for Dismissal Under Rule 12(b)(2) and (6).

#### 1. Rule 12(b)(2): Dismissal for lack of personal jurisdiction.

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss a complaint for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). "To avoid dismissal, the plaintiff bears the burden of demonstrating that its allegations establish a prima facie showing of personal jurisdiction." *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th Cir. 2018) (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008)); *see also Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1168 (9th Cir. 2006) ("A plaintiff bears the burden of establishing personal jurisdiction.").

A two-part analysis governs whether a court retains personal jurisdiction over a nonresident defendant. "First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute." *Chan v. Soc'y Exped'ns*, 39 F.3d 1398, 1404 (9th Cir. 1994). As "Nevada's long-arm statute, NRS 14.065, reaches the limits of due process set by the United States Constitution," the two prongs of the personal jurisdiction analysis are coterminous with one another. *Baker v. Eighth Jud. Dist. Ct.*, 999 P.2d 1020, 1023 (Nev. 2000); *see also Walden v. Fiore*, 571 U.S. 277, 282–84 (2014). "Second, the exercise of jurisdiction must comport with federal due process." *Chan*, 39 F.3d at 1404–05. "Due process requires that nonresident defendants have certain minimum contacts with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Chan*, 39 F.3d at 1404–05 (citing *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)).

Courts analyze this constitutional question with reference to two forms of jurisdiction: general and specific. "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe*, 326 U.S., at 317). Alternatively, "[i]n order for a court to have specific jurisdiction over a defendant, 'the defendant's suit-related conduct must create a substantial connection with the forum State.'" *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1023 (9th Cir. 2017) (quoting *Walden*, 571 U.S. 277 at)).

## 2. Rule 12(b)(6): Dismissal for failure to state a claim.

A Rule 12(b)(6) motion tests the sufficiency of a complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Rule 8(a) "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a claim is insufficient and should be dismissed if it "lack[s] [ ] a cognizable legal theory" or there is an "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A claimant must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. It is inappropriate to assume that the claimant "can prove facts which it has not alleged or that the defendants have violated the … laws in ways that have not been alleged." *Assoc'd Gen. Cont'rs of Cal., Inc. v. Cal. State Council of Carpt'rs*, 459 U.S. 519, 526 (1983).

When determining whether a complaint states a claim, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). Thus, a pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S.

at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Further, a court can dismiss a case under Rule 12(b)(6) when the allegations in a complaint are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010); Fed. R. Evid. 201(d) ("[a] court shall take judicial notice if requested by a party and supplied with the necessary information."). An "adjudicative fact" may be judicially noticed if it is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). For instance, courts may take judicial notice of public documents. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

## B. The Court Does Not Have Personal Jurisdiction Over Paul Bilzerian.

### 1. Paul Bilzerian is not subject to general personal jurisdiction in Nevada.

As noted above, Plaintiff does not even attempt to allege general personal jurisdiction over Paul Bilzerian. "A state court may exercise general jurisdiction only when a defendant is 'essentially at home' in the State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (quoting *Goodyear Dunlop Tires Ops., S. A. v. Brown*, 564 U.S. 915, 919 (2011). "In what [the United States Supreme Court] ha[s] called the 'paradigm' case, an individual is subject to general jurisdiction in her place of domicile." *Id.* at 358–59 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)).

Paul Bilzerian is a citizen and resident of St. Kitts. He was served with process in St. Kitts. He is not a Nevada resident, owns no property in Nevada, and does not do business in Nevada. Paul Bilzerian is simply not subject to general personal jurisdiction in this Court.

### 2. Paul Bilzerian is not subject to specific personal jurisdiction in Nevada.

Paul Bilzerian is not subject to specific personal jurisdiction in this District, either. "Specific jurisdiction is different: It covers defendants less intimately connected with a State, but only as to a narrower class of claims. … [B]ecause the defendant is not 'at home' … [t]he plaintiff 's claims … 'must arise out of or relate to the defendant's contacts' with the forum." *Ford Motor*

*Co.*, 592 U.S. at 359. Plaintiff must demonstrate that Paul Bilzerian's contacts with Nevada are sufficient to establish specific personal jurisdiction in the state "under a three-prong test":

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

"[Plaintiff] bears the burden of satisfying the first two prongs. If [Plaintiff] does so, the burden then shifts to [Paul Bilzerian] to set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990), then quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)). As to the first prong, "[t]he contacts needed for this kind of [specific personal] jurisdiction often go by the name 'purposeful availment.'" *Ford Motor Co.*, 592 U.S. at 359 (citing *Burger King*, 471 U.S. at 475). The *Calder* effects test is appropriate in tort and "tort-like" cases—which, as the Ninth Circuit has held, includes copyright infringement claims. *Mavrix Photo*, 647 F.3d at 1228 (discussing *Calder v. Jones*, 465 U.S. 783 (1984)) ("Because Mavrix has alleged copyright infringement, a tort-like cause of action, purposeful direction 'is the proper analytical framework.'").

"The [*Calder*] 'effects' test ... requires that 'the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *See id.* "The contacts must be the defendant's own choice and not 'random, isolated, or fortuitous.' They must show that the defendant deliberately 'reached out beyond' [his] home—by, for example, 'exploiting a market' in the forum State or entering a contractual relationship centered there." *Ford Motor Co.*, 592 U.S. at 359 (quoting *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 774 (1984), and then quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)). "[I]f the plaintiff fails at the first step, the jurisdictional inquiry ends and the case must be dismissed." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

Here, Plaintiff has alleged no facts—zero—to show that Paul Bilzerian "purposefully direct[ed] his activities" to Nevada or consummated a transaction in Nevada. Likewise, Plaintiff's claims are not alleged to have arisen from any conduct in or related to Nevada. The only allegation that comes close, but does not mention Paul Bilzerian specifically, is that "the claim in this complaint relate to [Defendants'] maintenance and operation of many websites and social media accounts that are interactive and fully accessible to residents of this District."[1] This allegation is insufficient, particularly as Plaintiff does not allege that the website belongs to Paul Bilzerian. Nor does Plaintiff allege that Paul Bilzerian personally interacts with, manages, supervises, or is otherwise involved with the unspecified websites and social media accounts.

Moreover, the claim that the unspecified "website and social media accounts" maintained or operated by one or more of the Defendants are "fully accessible" in Nevada is, without more, insufficient as a matter of law to render Paul Bilzerian subject to personal jurisdiction in this District. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002) (Where a defendant had posted a website but "had done nothing to encourage residents of the forum state to access its site," the Ninth Circuit found no personal jurisdiction.). *See also Asahi Metal Indus. Co. v. Sup'r Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 112 (1987) ("[A] defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.").

Because Plaintiff fails the first two prongs, this Court need not get to the third prong of the *Calder* specific jurisdiction test.

## C. Dismissal for Failure to State a Claim Against Paul Bilzerian.

As detailed above, the Court should dismiss this action against Paul Bilzerian pursuant to Rule 12(b)(2) for lack of personal jurisdiction. If the Court were to somehow deny relief on that ground, however, it would see that the Complaint also fails to allege any claim for which relief could be granted against Paul Bilzerian.

. . .

---

[1] (Compl. at ¶ 5).

1. **None of Plaintiff's vague, group-pled claims allege any conduct by Paul Bilzerian.**

Plaintiff's claims fail as they are all impermissibly "group pled." Federal courts, including the Ninth Circuit, disapprove of summarily grouping defendants together so as to make "'everyone did everything' allegations." *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011). "[T]he well-established law in this circuit that so-called 'shotgun pleadings' do not satisfy Rule 8's notice requirement." *Resh, Inc. v. Skimlite Mfg. Inc.*, 666 F. Supp. 3d 1054, 1059 (N.D. Cal. 2023). "Plaintiffs failure to parse out which allegations are levied against which Defendants 'makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiff[']s] allegations.'" *Id.* (citation omitted). "[B]y lumping all [Defendants] together, Plaintiff[ ] ha[s] not stated sufficient facts to state a claim for relief that is plausible against *one* Defendant." *In re iPhone App. Litig.*, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011) (emphasis in original); *see also Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1103 (E.D. Cal. 2014) ("Specific identification of the parties to the activities alleged by the plaintiffs is required in this action to enable the defendant to plead intelligently.") Thus, courts regularly dismiss claims raised in shotgun or that "use impermissible 'group pleading'" to categorize "individual defendants into broad groups" without "plausibly alleg[ing] how any particular defendant's behavior was unlawful." *See, e.g., Dana v. Idaho Dep't of Corr.*, No. 23-35047, 2024 WL 2862581, at *1 (9th Cir. June 6, 2024).

Plaintiff summarily alleges Paul Bilzerian's general involvement in (A) removing Plaintiff from Ignite International's board of directors[2] and (B) a "smear campaign" against Plaintiff.[3] Every other allegation is group-pled.[4] No one, including Paul Bilzerian, can determine from the Complaint's generalized shotgun pleading what, if anything, **Paul Bilzerian** is alleged to have done. There are no averments of who, if anyone, Paul Bilzerian supposedly contacted, when Paul Bilzerian contacted them, or what Paul Bilzerian said. There are no allegations regarding what **Paul Bilzerian** did to infringe on or interfere with Plaintiff's unspecified marks, copyrights, or

---

[2] (Compl. at ¶¶ 22–23).
[3] (Compl. at ¶¶ 34–35).
[4] (*See generally* Compl. at ¶¶ 37–93).

prospective contracts. Accordingly, Plaintiff's Complaint against Paul Bilzerian must be dismissed.

### 2. Each of Plaintiff's claims is otherwise fatally defective.

#### i. *Misappropriation of statutory and common law right of publicity.*

"The elements of a claim of misappropriation of the right of publicity are '(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury.'" *Sarver v. Chartier*, 813 F.3d 891, 903 (9th Cir. 2016). However, the Ninth Circuit has acknowledged that many statutory or common law right of publicity claims are preempted by the federal Copyright Act. *See generally Laws v. Sony Music Ent., Inc.*, 448 F.3d 1134 (9th Cir. 2006). To avoid preemption, a right of publicity claim must "not concern the subject matter of copyright" while "contain[ing] qualitatively different elements than those contained in a copyright infringement suit." *Id.* at 1145.

No one, including Paul Bilzerian, can determine from these averments how Plaintiff's name and/or likeness are being appropriated by any of the Defendants, let alone by Paul Bilzerian in particular. Nor can one distinguish between Plaintiff's common law publicity assertions and those he claims as copyrighted.

Moreover, as with the other claims one cannot determine what Paul Bilzerian is alleged to have done. It must be noted that the Complaint alleges Plaintiff directed his purported November 4, 2024, "demand to cease and desist from using his name and likeness and otherwise exploiting his intellectual property rights" only to Ignite International and not to Paul Bilzerian individually.[5] Taking the Complaint at face value, as the Court must, it fails to state a claim for relief against Paul Bilzerian in the First Claim for Relief.

. . .

. . .

. . .

. . .

---

[5] (Compl. at ¶ 31).

      *ii. Unfair competition and deceptive trade practices.*

Under Nevada's Deceptive Trade Practices Act ("DTPA"), a defendant is liable if it:

> Knowingly passes off goods or services for sale or lease as those of another person ... [u]ses deceptive representations or designations of geographic origin in connection with goods or services for sale or lease ... makes a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith ... [or] [r]epresents that goods or services for sale or lease are of a particular standard, quality or grade, or that such goods are of a particular style or model, if he or she knows or should know that they are of another standard, quality, grade, style or model.

Nev. Rev. Stat. § 598.0915(1), (4), (5), & (7); *see also BBK Tobacco & Foods, LLP v. Aims Grp. USA Corp.*, 723 F. Supp. 3d 973, 986 (D. Nev. 2024).

The Complaint's vague allegations fail to state a discernable connection between any of the Defendants and this statute. Again, the claim makes no specific allegation against Paul Bilzerian. The only averments germane to this claim assert the Ignite International, and no one else, was allegedly using Plaintiff's name, likeness, and otherwise undescribed intellectual property rights in some unspecified manner. Again, taking the Complaint at face value, as the Court must, it fails to state a claim for relief against Paul Bilzerian on the Second Claim for Relief.

      *iii. False designations of origin under the Lanham Act, 15 U.S.C. § 1125(a).*

To prevail on a claim of false association or false designation of origin, Plaintiff must plead and prove the following elements:

> (1) defendant used a designation (any word, term, name, device, or any combination thereof) or false designation of origin; (2) the use was in interstate commerce; (3) the use was in connection with goods or services; (4) the designation or false designation is likely to cause confusion, mistake, or deception as to (a) the affiliation, connection, or association of defendant with another person, or (b) as to the origin, sponsorship, or approval of defendant's goods, services, or commercial activities by another person; and (5) the plaintiff has been or is likely to be damaged by these acts.

*BBK Tobacco & Foods*, 723 F. Supp. 3d at 984 (quoting *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 143 F. Supp. 3d 982, 1015 (N.D. Cal. 2015)).

Concerning this Third Claim for Relief, Plaintiff generally avers that the Defendants used his "photograph, likeness, and persona" in promoting Ignite International after he was removed as

the CEO of that company and that they did so to enhance the goodwill of the Defendants. Two substantial flaws in this claim become immediately apparent.

First, Plaintiff fails to provide even one example where a word, term, name, device, or combination that was used in violation of 15 U.S.C. § 1125(a) after his alleged termination as CEO on December 21, 2023. (Plaintiff remained on the Ignite International board until June 2024.)[6]

Second, Plaintiff fails to allege that Paul Bilzerian, as opposed to Ignite International, used his "photograph, likeness, and persona." Once again, the Complaint alleges that Plaintiff only made demand on Ignite International and not Paul Bilzerian to cease and desist from its alleged uses.

The general and vague averments in the Complaint alone do not state a claim for violation of 15 U.S.C. § 1125(a), and the claim must be dismissed.

### iv. Trademark infringement under the Lanham Act, 15 U.S.C. § 1125(c).

To prevail on a trademark infringement claim, a plaintiff must show: "(1) it has a valid, protectable mark; and (2) the defendant's use of the mark is likely to cause consumer confusion." *OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, 897 F.3d 1008, 1022 (9th Cir. 2018). However, 15 U.S.C. § 1125(c) specifically addresses dilution by blurring or dilution of a trademark by tarnishment. It allows the remedy of an injunction the following circumstances:

> Subject to the principles of equity, the owner of a famous mark that is distinctive, inherently or through acquired distinctiveness, shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury.

This section, on its face, requires the use of a mark so similar to a Plaintiff's famous trade or service mark that will cause "cause dilution by blurring or dilution by tarnishment of the famous mark." Plaintiff does not plead either blurring or tarnishment in the Complaint, let alone attribute it to Paul Bilzerian. The Fourth Claim for Relief must also be dismissed pursuant to Rule 12(b)(6).

. . .

---

[6] (Compl. at ¶ 23).

     *v.   Accounting.*

"An accounting is an equitable remedy, not an independent cause of action." *W. Nev. Supply Co. Profit-Sharing Plan & Tr. v. Aneesard Mgmt., LLC*, No. 3:09–CV–00737–ECR–VPC, 2011 WL 1118683, at *6 (D. Nev. Mar. 24, 2011) (citing *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478 (1962)). "The necessary prerequisite to the right to maintain a suit for an equitable accounting, like all other equitable remedies, is ... the absence of an adequate remedy at law." *Dairy Queen*, 369 U.S. at 478. *See also Douglas Coder & Linda Coder Fam. LLLP v. RNO Exhibitions, LLC*, No. 3:19-CV-00520-MMD-CLB, 2021 WL 1234500, at *1 (D. Nev. Apr. 1, 2021) ("[A]n accounting is more of a remedy than a claim."); *Whittum v. Educ. Credit Mgmt. Corp.*, No. 2:18-CV-01495-JAD-DJA, 2020 WL 3621342, at *2 n.13 (D. Nev. July 2, 2020) ("Whittum acknowledges that her fifth 'cause of action' for declaratory relief and accounting is simply a prayer for those equitable remedies."); *Nascimento v. Wells Fargo Bank, NA*, No. 2:11-CV-1049 JCM GWF, 2013 WL 6579575, at *7 (D. Nev. Dec. 13, 2013), *dismissed* (July 8, 2013) ("Plaintiff's last claim for relief seeks accounting and declaratory relief. These are equitable remedies and not independent causes of action.").

As accounting does not constitute a claim for relief, but only a remedy, the Fifth Claim fails.

     *vi.   Unjust enrichment.*

Under Nevada law, "[u]njust enrichment has three elements: [1] 'the plaintiff confers a benefit on the defendant, [2] the defendant appreciates such benefit, and [3] there is acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof.'" *Nautilus Ins. Co. v. Access Med., LLC*, 137 Nev. 96, 101, 482 P.3d 683, 688 (2021) (citation omitted).

The averments of the Complaint do not allege any direct relationship between Plaintiff and Paul Bilzerian by which Plaintiff could have conferred a benefit upon him. Thus, the cause of action fails to meet all three elements for a claim of unjust enrichment, and it must be dismissed pursuant to Rule 12(b)(6).

. . .

*vii. Intentional interference with prospective economic advantage.*

Plaintiff's Seventh Claim for Relief fails on its face. To prevail on an intentional interference with prospective economic advantage claim under Nevada law, Plaintiff must plead and prove five elements:

> (1) A prospective contractual relationship between the plaintiff and a third party; (2) The defendant's knowledge of this prospective relationship; (3) The intent to harm the plaintiff by preventing the relationship; (4) The absence of privilege or justification by the defendant; and (5) Actual harm to the plaintiff as a result of the defendant's conduct.

*Consol. Generator-Nev., Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1255 (1998) (quoting *Leavitt v. Leisure Sports Inc.*, 103 Nev. 81, 88, 734 P.2d 1221, 1225 (1987)).

Like the Fifth Claim for Relief, the Sixth Claim for Relief of Plaintiff's Complaint fails to properly allege any of the required elements. It does not identify any prospective relationship between Plaintiff and any third party. As such, it cannot allege Defendant's knowledge of such relationship. The claim also fails to allege intent on the part of Paul Bilzerian to harm Plaintiff by preventing some undisclosed prospective relationship, the absence of privilege and justification are not averred, and only a conclusory statement of damage is asserted.

Once again, this cause of action fails to allege a claim for which relief can be granted by this Court and it must be dismissed as to Paul Bilzerian.

*viii. Declaratory relief.*

The Eighth Claim for Relief is fatally defective as it is not a standalone cause of action and, under longstanding federal law, the Court should decline to issue a declaration that, as here, would not be helpful in resolving the dispute between the parties. Pursuant to the Declaratory Judgment Act, the court has the authority to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). In other words, the Declaratory Judgment Act allows federal courts to provide declaratory relief as a ***remedy***—declaratory relief is not, itself, an independently actionable claim in federal court. *See, e.g., Villa v. Silver State Fin. Servs., Inc.*, No. 2:10-CV-02024-LDG, 2011 WL 1979868, at *10 (D. Nev. May 20, 2011).

. . .

Even though the Declaratory Judgment Act "gave the federal courts **competence** to make a declaration of rights, it **did not impose a *duty*** to do so." *Pub. Affairs Assocs. v. Rickover*, 369 U.S. 111, 112, (1962) (emphasis added). Consistent with declaratory relief remedial nature, the Declaratory Judgment Act does not create an independent basis for jurisdiction; rather, the party seeking declaratory relief must establish a "case of actual controversy." *Skelly Oil Co. v. Phillips Petro. Co.*, 339 U.S. 667, 671–72 (1950). *See also* 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction … ."); *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005) (The court "must first inquire whether there is an actual case or controversy within its jurisdiction.").

"If the suit passes constitutional and statutory muster, the district court must also be satisfied that entertaining the action is appropriate." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998). "It is well settled, however, that a declaratory judgment may be refused where it would serve no useful purpose … ." *McGraw-Edison Co. v. Preformed Line Prods. Co.*, 362 F.2d 339, 343 (9th Cir. 1966). Declaratory relief does not serve a useful purpose when "it is being sought merely to determine issues which are involved in a case already pending and can be properly disposed of therein … ." *Id.* Thus, "a court may decline to hear a claim for declaratory relief if adjudication of the issues raised in other claims would fully and adequately determine all matters actually in controversy between the parties." *Philips Med. Cap., LLC v. Med. Insights Diags. Ctrs., Inc.*, 471 F. Supp. 2d 1035, 1048 (N.D. Cal. 2007).

The court "must decide whether to exercise its jurisdiction by analyzing the factors set out in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942), and its progeny." *Robinson*, 394 F.3d at 669. These factors include: (1) avoiding needless determination of state laws; (2) discouraging litigants from filing declaratory actions as a means of forum shopping; and (3) avoiding duplicative litigation. *See, e.g., Robinson*, 394 F.3d at 672; *Dizol*, 133 F.3d at 1225; *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371–73 (9th Cir. 1991). "This determination is discretionary, for the Declaratory Judgment Act is 'deliberately cast in terms of permissive, rather than mandatory, authority.'" *Dizol*, 133 F.3d at 1223 (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 250 (1952) (Reed, J., concurring)).

Here, the Court should construe Plaintiff's declaratory relief "claim" as, at most, a prayer for relief. The Plaintiff has not pleaded sufficient facts to establish the helpfulness of—let alone his entitlement to—a declaration from this Court. What Plaintiff *does* plead shows this Court should decline to exercise jurisdiction over the declaratory relief claim for three reasons. First, declaratory relief will not be helpful in this case as it is being sought merely to determine issues which are involved in a case already pending (i.e., the Canadian Proceedings) and can be properly disposed of therein. *Compare McGraw-Edison Co.*, *supra*. Second, the *Brillhart* factors cut against Plaintiff because his declaratory relief claim is transparently an attempt to forum shop—which this Court should discourage, not reward. *Compare Robinson*, *supra*. Accordingly, the Court should dismiss the Eighth Claim for Relief. Third, Plaintiff does not aver any direct relationship with Paul Bilzerian that the Court could possibly interpret.

### ix. Copyright infringement.

Plaintiff's Ninth Claim for Relief also fails on the face of the Complaint. Federal law unambiguously provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). The United States Supreme Court has confirmed this express statutory requirement: "Before pursuing an infringement claim in court, however, a copyright claimant generally must comply with § 411(a)'s requirement that 'registration of the copyright claim has been made.'" *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 301 (2019) (citing 17 U.S.C. § 411(a)). "Compliance with the registration requirements of 17 U.S.C. § 411(a) is not a condition of copyright protection **but is a prerequisite to suing for infringement**." *Ambrosetti v. Oregon Cath. Press*, 458 F. Supp. 3d 1013, 1016 (N.D. Ind. 2020) (emphasis added).

Plaintiff's copyright infringement fails as a factual matter. Plaintiff specifically avers only that (A) various unspecified pictures and videos appear on Ignite's websites and social media platforms, and (B) certain photographs are "copyrighted."[7] Plaintiff does not allege any copyright infringement specifically by Paul Bilzerian, does not identify which photos are copyrighted, or

---

[7] (Compl. at ¶ 24).

specify who holds the purported copyright.

Moreover, the cause of action fails to state claim for relief as a matter of law. Plaintiff fails to aver that he federally registered his purported copyright. Instead, Plaintiff alleges that he owns a copyright as the term is used in 17 U.S.C. § 501, and that he owns the exclusive right to derivative works as defined in 17 U.S.C. § 106 (1)–(3).[8] This is insufficient as a matter of law because, as set forth above, registration is a *prerequisite* to filing an action pursuant to 17 U.S.C. § 501, *et seq.* Accordingly, this claim must be dismissed.

## IV.
## CONCLUSION

This Court does not have personal jurisdiction—whether general or specific—over Paul Bilzerian. Even if this Court is inclined to find, retain, and exercise jurisdiction over this case and personal jurisdiction over Paul Bilzerian, Plaintiff's Complaint fails to state a claim against Paul Bilzerian upon which relief can be granted. The Court should grant the Motion and either dismiss this case or, at the very least, dismiss all claims against Paul Bilzerian.

DATED March 14, 2025.

Respectfully submitted,

*/s/ Paul A. Bilzerian*

Paul A. Bilzerian, *pro se*
P.O. Box 2086
Basseterre, St. Kitts
pabilzeria@aol.com

---

[8] (Compl. at ¶¶ 83–84).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Paul Bilzerian's Verified Motion to Dismiss was submitted to the Clerk of the United States District Court for the District of Nevada for filing in the above-captioned matter on March 14, 2025. The same day, I caused the foregoing document to be served by electronic mail delivery (e-mail) to the addressee(s) shown below:

**THE MEDRALA LAW FIRM, PLLC**
Jakub P. Medrala, Esq.
615 S. 6th Street
Las Vegas, Nevada 89101
Email: jmedrala@medralaw.com

*Attorneys for Plaintiff*
*Dan B. Bilzerian*

**GARMAN TURNER GORDON LLP**
Eric R. Olsen, Esq.
Erika Pike Turner, Esq.
Steven E. Kish III, Esq.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Email: eolsen@gtg.legal
       eturner@gtg.legal
       skish@gtg.legal

*Attorneys for Defendants*
*Ignite International, Ltd.*
*and Scott Rohleder*

_____
Paul A. Bilzerian