UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAN BRANDON BILZERIAN,<br><br>    Plaintiff,<br><br>v.<br><br>IGNITE INTERNATIONAL BRANDS, LTD, et al.,<br><br>    Defendants. | Case No. 2:24-cv-02101-RFB-NJK<br><br>**Order**<br><br>[Docket Nos. 25, 28] |

    Pending before the Court is a stipulated discovery plan filed by the parties.[1] Docket No. 25. Also pending before the Court is a motion to stay discovery pending resolution of their dispositive motions filed by Defendants Ignite International, LTD and Scott Rohleder. Docket No. 28. See also Docket Nos. 9, 11 (motions to dismiss). Plaintiff filed a response in opposition to the motion to stay discovery. Docket No. 32. Defendants Ignite and Rohleder filed a reply. Docket No. 37. The filings are properly resolved without a hearing. *See* Local Rule 78-1.

    The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The fact that conducting discovery while a potentially dispositive motion is pending may involve inconvenience or expense is not sufficient, standing alone, to impose a stay of discovery. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quoting *Twin City Fire Ins. Co. v. Emps. Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989)). Discovery may be stayed when: (1) there is a pending motion that is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the

---

[1] This document violates the Court's Local Rules regarding the requirements for all filings. LR IA 10-1(a)(1). All future filings must comply in full with the Court's Local Rules.

1

potentially dispositive motion and finds the motion sufficiently meritorious to warrant a stay. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). A party seeking to stay discovery pending resolution of a potentially dispositive motion bears the burden of establishing that discovery should be stayed. *See Holiday Sys., Int'l of Nev. v. Vivarelli, Schwarz, and Assocs.*, 2012 WL 3860824, at *2 (D. Nev. Sept. 5, 2012).

When the underlying motion challenges personal jurisdiction, the pendency of that motion strongly favors a stay or, at a minimum, limitations on discovery until the question of jurisdiction is resolved. *E.g.*, *Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at *2 (D. Nev. Oct. 31, 2013). Nonetheless, the filing of a motion challenging personal jurisdiction does not mandate a stay of discovery and the Court retains discretion to require discovery to go forward. *See AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, 2012 WL 4846152, at *2 (D. Nev. Oct. 10, 2012); *see also Holiday Systems*, 2012 WL 3860824, at *2 (affirming magistrate judge's denial of request to stay discovery pending resolution of motion to dismiss for lack of personal jurisdiction); *Edwards v. Juan Martinez, Inc.*, 2020 WL 5648319, at *2-6 (D. Nev. Sept. 22, 2020) (denying motion to stay discovery pending resolution of motion to dismiss for lack of personal jurisdiction); *Kabo Tools*, 2013 WL 5947138, at *2 (same).

The issue before the Court is whether Defendants Ignite International and Rohleder should be permitted to avoid discovery during the pendency of the motions to dismiss for lack of personal jurisdiction. Having conducted a preliminary peek, the Court finds Defendant Ignite and Rohleder's motions to dismiss sufficiently likely to succeed to warrant a stay of discovery.[2] Therefore, the Court concludes that a stay of discovery is warranted as to these defendants pending the resolution of their motions to dismiss.

---

[2] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge will decide the motions to dismiss may have a different view of their merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of those motions is not intended to prejudice their outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motions to dismiss in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the underlying motions and subsequent briefing.

Accordingly,

IT IS ORDERED that the motion to stay discovery filed by Defendants Ignite International and Rohleder is **GRANTED**.  Docket No. 28.  Discovery is stayed as to these two defendants only.  In the event that the resolution of these motions does not result in the dismissal of these two defendants, a joint proposed discovery plan and scheduling order must be filed no later than 14 days after the resolution of the motions to dismiss.

IT IS FURTHER ORDERED that the joint proposed discovery plan and scheduling order is **DENIED** without prejudice.  Docket No. 25.  No later than **April 30, 2025**, Plaintiff and Defendants Ignite International Brands, LTD and Paul Bilzerian must file a renewed joint proposed discovery plan and scheduling order.

IT IS SO ORDERED.

Dated: April 23, 2025.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

3