**PAUL A. BILZERIAN, PRO SE**
858 Zenway Boulevard
Frigate Bay, St. Kitts
P.O. Box 2086
Basseterre, St. Kitts
Tel: +1 (869) 466-8000
Email: pabilzeria@aol.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAN BRANDON BILZERIAN, an individual,<br><br>Plaintiff,<br>v.<br><br>IGNITE INTERNATIONAL BRANDS, LTD., a foreign corporation; IGNITE INTERNATIONAL, LTD., a foreign corporation; PAUL BILZERIAN, an individual; SCOTT ROHLEDER, an individual; RUPY DHADWAR, an individual,<br><br>Defendants. | Case No. 2:24-cv-2101-RFB-NJK<br><br>**DEFENDANT PAUL BILZERIAN'S MOTION TO STAY DISCOVERY** |

Defendant Paul Bilzerian hereby moves to stay discovery pending resolution of his Verified Motion to Dismiss. This Motion is made pursuant to Federal Rule of Civil Procedure 26 and supported by the following Memorandum of Points and Authorities, and the papers and pleadings on file herein.

. . .

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**
**INTRODUCTION**

This Court does not have personal jurisdiction over Paul Bilzerian, who is not an American citizen or resident, and who has not been to the United States for more than five years, and who does not even have a visa to enter the United States, and who lacks sufficient minimum contacts with Nevada or the United States. The Court should resolve the critical preliminary questions of jurisdiction and venue **before** Plaintiff is allowed to impose the time and expense of discovery on Paul Bilzerian in this case. As set forth below, the authority that articulates the standard to stay discovery in this District supports a stay pending resolution of Paul Bilzerian's Motion to Dismiss.

GARMAN TURNER
GORDON LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

1 of 5

Notably, the Court has already granted Defendant Ignite International LTD.'s and Defendant Scott Rohleder's Motion to Stay Discovery. The substance of those Defendants' Motions to Dismiss and to Stay Discovery are predicated on the same or similar law and a similar factual basis. Thus, the result of the Court's "preliminary peek" at Paul Bilzerian's Motion should be the same as the "preliminary peek" at the merits of those Defendants' Motions.

## II.
## ARGUMENT

### A. Standard for Staying Discovery.

Although "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending," "[c]ourts have broad discretionary power to control discovery," *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (quoting *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011), and citing *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988)). The Court can, in its discretion, stay discovery for "good cause" under Rule 26. *See* Fed. R. Civ. P. 26(c); *Clardy v. Gilmore*, 773 F. App'x 958, 959 (9th Cir. 2019). The Court should stay discovery if good cause exists and doing so serves "the objectives of Rule 1 to ensure a 'just, speedy, and inexpensive determination of every action,'" *see Kor Media Grp.*, 294 F.R.D. at 581 (quoting *Tradebay*, 278 F.R.D. at 602–03). However, "[t]he Ninth Circuit has not provided a rule or test that district courts must apply to determine if good cause exists to stay discovery." *See Salazar v. Honest Tea, Inc.*, No. 2:13-CV-02318-KJM-EFB, 2015 WL 6537813, at *1 (E.D. Cal. Oct. 28, 2015). Thus, a party moving to stay discovery in this District must make a "strong showing why discovery should be denied" by satisfying three requirements:

(1) A pending motion is potentially dispositive of the action,

(2) The pending dispositive motion "can be decided without additional discovery," and

(3) The Court, after taking "a 'preliminary peek' at the merits of the potentially dispositive motion," is "convinced that the plaintiff will be unable to state a claim for relief."

*Kor Media Grp.*, 294 F.R.D. at 581 (citing *Tradebay*, 278 F.R.D. at 602–03).

Importantly, when the pending dispositive motion goes to the substantive merits of a claim, the Court must be "*convinced*" that that the plaintiff cannot state a claim. *Id*. "This is a very

rigorous standard that is only met when there is no question that the dispositive motion will be granted." *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, No. 2:14-CV-00108-JCM-NJK, 2014 WL 12707483, at *1 (D. Nev. July 18, 2014).

However, the Court "rel[ies] on a more lenient approach in the personal jurisdiction context." *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1099 (D. Nev. 2022) (citing *Kabo Tools Co. v. Porauto Indus. Co.*, No. 2:12-CV-01859-LDG-NJK, 2013 WL 5947138, at *2 (D. Nev. Oct. 31, 2013)); *see also CC.Mexicano.US*, 2014 WL 12707483, at *1 ("Where the underlying motion to dismiss is brought pursuant to Rule 12(b)(2) for lack of personal jurisdiction, a less rigorous standard is applied … ."). In *Kabo Tools*, this Court noted that "a pending motion challenging personal jurisdiction strongly favors a stay, or at a minimum, limitations on discovery until the question of jurisdiction is resolved." *Kabo Tools*, 2013 WL 5947138, at *2. In other words, "courts are more inclined to stay discovery pending resolution of a motion to dismiss challenging personal jurisdiction because it presents a 'critical preliminary question.'" *CC.Mexicano.US*, 2014 WL 12707483, at *1.

**B.  The Pending Motions Indisputably Meet the First Two *Tradebay* Requirements.**

The first two *Tradebay* requirements are satisfied. Paul Bilzerian brought his now-pending Motion pursuant to Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction.[1] It is indisputably a dispositive Motion and discovery is not necessary for the Motion to be decided. Paul Bilzerian's Motion is fully briefed and ripe for adjudication. As the parties were able to fully brief the Motions without discovery, the first two *Tradebay* requirements support staying discovery.

**C.  The Court's "Preliminary Peek" Will Confirm that Plaintiff's Claims Should and Will Be Dismissed for Lack of Personal Jurisdiction.**

Paul Bilzerian's Motion to Dismiss challenges personal jurisdiction. Accordingly, the instant Motion to Stay is subject to the more lenient standard articulated in *Kabo Tools* and applied in *PlayUp*, rather than the "convincing" standard applicable when a party brings a potentially

---

[1] Paul Bilzerian also moved to dismiss pursuant to Rule 12(b)(6) because Plaintiff's claims are fatally conclusory and impermissibly group-pled.

Garman Turner Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

dispositive motion under Rule 12(b)(6). *See PlayUp*, 635 F. Supp. 3d at 1099; *Kabo Tools*, 2013 WL 5947138, at *2. *Compare Tradebay*, 278 F.R.D. at 602–03; *Kor Media Grp.*, 294 F.R.D. at 581; *CC.Mexicano.US*, 2014 WL 12707483, at *1.

The Court should stay discovery in this case. After all, "a pending motion challenging personal jurisdiction strongly favors a stay." *Kabo Tools*, 2013 WL 5947138, at *2; *see also CC.Mexicano.US*, 2014 WL 12707483, at *1 ("[C]ourts are more inclined to stay discovery pending resolution of a motion to dismiss challenging personal jurisdiction because it presents a 'critical preliminary question.'").

### IV.
### CONCLUSION

Under the more lenient *Kabo Tools* standard, this record is sufficient for the Court to grant the instant Motion and stay discovery, pending a decision on the motions to dismiss.

DATED April 30, 2025.

Respectfully submitted,

*/s/ Paul A. Bilzerian*

Paul A. Bilzerian, *pro se*
P.O. Box 2086
Basseterre, St. Kitts
pabilzeria@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Paul A. Bilzerian's Verified Motion to Dismiss was filed with the Clerk of the United States District Court for the District of Nevada by using the CM/ECF system. All parties were served electronically by the CM/ECF system on this 30th day of April 2025.

*/s/ Paul A. Bilzerian*
Paul A. Bilzerian