

**JAKUB P. MEDRALA, ESQ.**
Nevada Bar No. 12822
**The Medrala Law Firm, Prof. LLC**
615 S. 6th Street
Las Vegas, Nevada 89101
(702) 475-8884
(702) 938-8625 Facsimile
jmedrala@medralaw.com
*Attorney for Plaintiff*
*Dan Bilzerian*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DAN BILZERIAN, an Individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>IGNITE INTERNATIONAL BRANDS, LTD., a Foreign Corporation, IGNITE INTERNATIONAL, LTD., a Foreign Corporation; PAUL BILZERIAN, an Individual; SCOTT ROHLEDER, an Individual; RUPY DHADWAR, an Individual,<br><br>　　　　　Defendants. | Case No. 2:24-cv-02101-RFB-NJK<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR A PARTIAL MOTION FOR SUMMARY JUDGMENT REGARDING THE REQUEST FOR DECLARATORY RELIEF** |

Plaintiff DAN BILZERIAN ("Plaintiff" or "Dan") respectfully submits his Reply in Support of Motion for Partial Summary Judgment for the Eighth Claim for Declaratory Relief.

### REBUTTAL ARGUMENT

### I.  INTRODUCTION

Defendants have raised three arguments to try to prevent this Court from permitting Dan to engage in his right to compete with them and to enter contracts with other parties to help compete with the Defendants.[1] Their first argument is that Plaintiff failed to identify a law to be interpreted under NRS 30.040. However, as discussed in the motion in detail, the core of the

---

[1](ECF No. 58).

1

Plaintiffs argument was that NRS 613.195, along with the authority around it and the policies it embodies, prohibits a former employee from being forced to refrain from competition unless that employee agreed to a noncompetition covenant or similar agreement and the agreement was supported by consideration. Since no such agreement exists here, Plaintiff asks this Court to enter the requested declaration that Dan may compete against the Defendants in the United States.[2]

The Defendants' second and third arguments are intertwined and center on claims that the Canadian Injunction—issued in an action that was commenced by Ignite after the present lawsuit was filed—is relevant. However, Defendants cite no authority whatsoever that would suggest that this Court should even consider the Canadian Injunction much less find that it is decisive. Rather, the Canadian Injunction is simply irrelevant. To the extent that this Court does wish to consider the Canadian Injunction to any degree, Plaintiff respectfully suggests that it is starkly in contrast with the law of the United States and Nevada. It is contrary to the idea that a person should not be required to avoid competition without agreeing to such restraint and receiving consideration for such restraint.[3] It is contrary to the fact that absent some agreement or other unusual exception, a person owes no duties to a former employer.[4] It is contrary to the general freedom of contract enjoyed by Americans and Nevadans.[5] It is contrary to the general policy recognized by courts and legislatures alike that competition is generally desirable and good for the public at large.[6] Plaintiff respectfully suggests that this Court does not need to give any consideration to the

---

[2] (ECF No. 47-1, ¶¶ 9-10).
[3] NRS 613.195(1).
[4] *See, e.g.*, Restatement (Second) of Agency § 393 cmt. e; *White Cap Indus., Inc. v. Ruppert*, 119 Nev. 126, 129, 67 P.3d 318, 319 (2003) ("Moreover, the *Restatement* provides that an employee is permitted to make preparations to compete with his or her employer.").
[5] U.S. Const. art. I, § 10. cl. 1.5; Nev. Const. art. 1, § 15.
[6] *Idaho Potato Comm'n v. G&T Terminal Packaging, Inc.*, 425 F.3d 708, 716-17 (9th Cir. 2005) (noting the public interest in free and open competition in the context of the Lanham Act).

Canadian Injunction at all, but if this Court does consider it, Plaintiff suggests that this Court will find it is contrary to the laws and deeply held policies of the United States and Nevada.

Accordingly, Plaintiff respectfully asks that this Court to grant the request for partial summary judgment regarding declaratory relief and enter an order that Plaintiff may compete with the Defendants in the United States.

## II.  ARGUMENT

**a. Plaintiff is entitled to the requested declaration that he is not prohibited from competing with the Defendants since it involves interpretation of Nevada law, including NRS 613.195**

The Defendants argue that the Plaintiff may not receive the requested relief because Plaintiff did not identify a specific contract or statute that required interpretation.[7] However, as discussed throughout the motion, Plaintiff's argument centers on a request for a determination under Nevada law, including NRS 613.195, that the Plaintiff may compete within the United States against the Defendants. Accordingly, to the extent that the Plaintiff might have been required to identify a specific statute pursuant to NRS 30.040, that was done. Moreover, pursuant to NRS 30.030 this Court has the broad authority to issue declaratory relief and may issue the requested relief under that authority even if, purely hypothetically, no statute was directly applicable that required interpretation.

The Defendants claim in a footnote without providing detailed argument that NRS 30.040 may be a procedural statute that does not apply.[8] However, rather than pressing this argument, they simply assume that NRS 30.040, and presumably NRS 30.030, do apply. Since they make that presumption and because even the Defendants at least implicitly acknowledge there is

---

[7](ECF No. 58 at p. 7).
[8](ECF No. 58 at p. 7, fn. 31).

3

contrary authority, this Court may properly disregard that argument made only in a footnote. In the event that this Court does wish to consider this argument, Plaintiff respectfully suggests first that NRS 30.030-30.040 are the applicable statutes for declaratory relief. *Winecup Gamble, Inc. v. Gordon Ranch, LP*, No. 3:17-cv-00163-ART-CSD, 2023 U.S. Dist. LEXIS 33844, at *18-19 (D. Nev. Mar. 1, 2023); *Sparks v. HRHH Hotel, LLC*, No. 2:11-cv-00973-GMN-VCF, 2012 U.S. Dist. LEXIS 76174, at *5-6 (D. Nev. May 31, 2012) (applying NRS 30.040 after noting that substantive state law applies). If, purely *arguendo* this Court determines that the Nevada act is the incorrect procedural vehicle, Plaintiff asks for permission to amend to refer to the Federal Declaratory Judgments Act codified at 28 U.S.C. §§ 2201 *et seq.*

Finally, the Defendants claim that the only evidence submitted by the Plaintiff was the Plaintiff's own declaration. The Defendants, however, do not explain why they believe that matters. The only facts that the Court needs to decide to grant the requested relief is that the Plaintiff did not enter into a noncompetition agreement or similar covenant, did not receive consideration for an agreement not to compete, and does not presently hold a position that could cause Dan to be considered to have fiduciary duties to Defendant Ignite International Brands, Ltd..[9] The declaration is acceptable evidence for all of those things for the purposes of a motion for summary judgment.[10] This is particularly true when all of those facts are negative and Courts often shift the burden to the other party to provide affirmative information if such exists rather than forcing a party to attempt to prove a negative.[11] Perhaps most importantly, the Defendants

---

[9] *See, e.g.*, NRS 613.915; ECF 47-1, ¶¶ 6, 9, 10.
[10] Fed. R. Civ. P. 56(c)(1).
[11] *United States v. Cortez-Rivera*, 454 F.3d 1038, 1041-42 (9th Cir. 2006); *Sissoko v. Rocha*, 440 F.3d 1145, 1162 (9th Cir. 2006) ("As a practical matter it is never easy to prove a negative. . . . For this reason, fairness and common sense often counsel against requiring a party to prove a negative fact, and favor, instead, placing the burden of coming forward with evidence on the party with superior access to the affirmative information.").

4

do not appear to suggest that any of the facts provided by the Plaintiff are false, much less provide contrary evidence.

### b. The Canadian Injunction is not even relevant, much less dispositive

The Defendants urge that this Court find that the Canadian Injunction is dispositive of the matter.[12] They provide no authority at all to suggest that this Court should find the Canadian Injunction relevant to this Court's decision, much less decisive. Plaintiff is asking for a declaration that, under the laws of the United States, the Plaintiff is not barred from competing with the Defendants, and Canadian law and orders from Canadian courts are not even relevant to that consideration. Perhaps more directly, the Defendants have not properly raised an argument to show why they might be relevant.

The Defendants do attempt to argue that the principles of Canadian law are consistent with the policies underlying the United States and Nevada laws on noncompetition provisions.[13] However, while the principles of Canadian law are somewhat similar to those in the United States in enforcing a restrictive covenant, that is not relevant here.[14] **There is no restrictive covenant to enforce here.**[15]

Instead, Defendants seek to impose a restraint on the Plaintiff's ability to engage in his trade without the Plaintiff ever agreeing to such an imposition in any way and without consideration for such imposition. The United States in general, and Nevada in particular, does

---

[12](ECF No. 58 at pp. 8-10).
[13](EFC 58 at p. 8).
[14]*Compare AgJunction LLC v. Agrian Inc.*, No. 14-CV-2069-DDC-KGS, 2014 WL 3661108, at *9 (D. Kan. July 23, 2014) *with* NRS 613.195. Though significant, Nevada's law makes consideration absolutely mandatory to enforce such a covenant, and that is not present here. NRS 613.195(1)(a).
[15](ECF No. 47-1, ¶¶ 9-10).

5

not permit such a restraint to be created without the person being restrained ever agreeing to it.[16] In fact, such a restraint on an employee's ability to conduct work with and for others would at least implicate if not violate the constitutional protections relating to freedom of contract.[17] Moreover, it would be contrary to the express policies meant to protect the public by protecting free and open competition.[18]

The Defendants vaguely assert that Canadian law should apply. The Defendants provide no authority to support this contention. The simple fact is that Dan is a United States citizen, resident of Nevada, who operates in and from Nevada and is seeking a declaration that applies within the United States.[19] Canadian law has no bearing on this request. This is not a collateral attack on the prior order since Plaintiff seeks an order applicable within the United States. Though even if, purely *arguendo*, it could be viewed as a collateral attack, it would still be appropriate for Plaintiff to prevail since to do otherwise would go against Nevada's laws, the policies of the United States, and Dan's rights.

   c. **The Plaintiff reserves his rights to challenge the Canadian Injunction based on changes in circumstances among other things, but that does not implicate the relief requested here**

The Defendants' final argument is that the Plaintiff did not engage with the reasoning of the Canadian Injunction and should seek relief there. Plaintiff respectfully reserves the right to do precisely that, but it is not relevant here. As discussed in more detail above, the Canadian

---

[16] *See, e.g.*, NRS 613.195(1).
[17] U.S. Const. art. I, § 10. cl. 1.5; Nev. Const. art. 1, § 15.
[18] *Perrin Bernard Supowitz, LLC v. Morales*, No. 23-55189, 2024 U.S. App. LEXIS 2513, *4 (9th Cir. Feb. 5, 2024) (noting California's determination of the value of open competition); *Idaho Potato Comm'n v. G&T Terminal Packaging, Inc.*, 425 F.3d 708, 716-17 (9th Cir. 2005) (noting the public interest in free and open competition in the context of the Lanham Act); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 927 (9th Cir. 1980) (noting that the Sherman Act is meant to protect free and open competition).
[19] (*See* ECF No. 47-1, ¶ 4).

Injunction is simply irrelevant here, and the Defendants have not identified any actual authority that would suggest otherwise.

To the extent that this Court wishes to examine the reasoning of the Canadian court, Plaintiff respectfully submits that, while it may have been reasoned under Canadian law, it is expressly contrary to the law in the United States and Nevada.

First and most significantly, as discussed in more detail above, the law in Nevada will not permit restrictions on competition that were not included in a voluntarily agreed-upon covenant backed by consideration.[20] The Canadian Injunction, invoking Canadian law, gets around that by finding that Dan might have had an ongoing duty to at least Defendant Ignite, but that is contrary to the law in the United States and contrary to the facts as they are now.[21] Under the law in the United States, and Nevada in particular, absent an agreed-upon covenant not to compete, an employee may make affirmative preparations to compete while still employed and then immediately begin competition after leaving the employer.[22] Moreover, to the extent that Dan's actions to seek reinstatement as a director of officer of Ignite could have weighed in favor of prohibiting him from competing, that circumstance no longer exists.[23] As the Defendants' pointed out, the main reasoning behind the issuance of the Canadian Injunction was the fact that Dan, in 2024, commenced a process to be reinstated as a director and officer of Ignite[24]. Following the

---

[20] NRS 613.195(1).
[21] Restatement (Second) of Agency § 396(a).
[22] Restatement (Second) of Agency § 393 cmt. e; *White Cap Indus., Inc. v. Ruppert*, 119 Nev. 126, 129, 67 P.3d 318, 319 (2003) ("Moreover, the *Restatement* provides that an employee is permitted to make preparations to compete with his or her employer.").
[23] (ECF No. 47, p. 9 ¶ 7).
[24] (ECF No. 58, p. 11 ¶¶ 18-24)

issuance of the injunction, however, Plaintiff has abandoned these efforts,[25] vitiating any reason for the issuance of the injunction, even under Canadian law.

Plaintiff respectfully suggests that this Court has no need to consider the Canadian Injunction at all. It is simply irrelevant to a request for declaratory relief within Nevada, made under Nevada law, to be applied within the United States. If, purely hypothetically, this Court does consider the Canadian Injunction, Plaintiff respectfully suggests that it is plainly contrary to the laws of the United States and Nevada, as well as the express policies that favor freedom of contract and open competition that are fundamental the United States' system of doing business.

### d. The Court should note that the Defendants filed the Canadian Proceedings seeking to enjoin him from competing with Ignite *after* the Plaintiff filed the present action

In their opposition, the Defendants, again, attempt to mislead this Court to believe that it was the Plaintiff who filed the so-called "Canadian Proceedings" "arising from the same issues raised in the instant action"[26], and that in these "Canadian Proceedings" the court supposedly "issued an order enjoining Plaintiff from wrongfully competing with Ignite Brands."[27]

What the Defendants fail to explain is that the only issues that the Plaintiff raised in Canada concerned his unlawful removal from Ignite. However, in a glaring attempt to forum shop and after the commencement of the present action, the Defendants filed in Canada a completely new lawsuit, separate from the Plaintiff's "Canadian Proceedings," seeking to enjoin the Plaintiff from competing with Ignite. This lawsuit was filed after the Plaintiff filed the instant action seeking a declaration from this Court that he can indeed compete with Ignite.

---

[25] (ECF No. 47. p. 9 ¶ 7; Exs. 2-3)
[26] (ECF No. 58, p. 2)
[27] (ECF No. 58, pp. 2-4).

Because of the Defendants' continuing misrepresentations, the Plaintiff, once again, feels compelled to explain the actual "Canadian Proceedings" that involve three separate actions; two actions filed by the Plaintiff over Ignite's corporate governance, and one action filed by Ignite attempting to enjoin the Plaintiff from competing with Ignite worldwide:

*Plaintiff's Initiated Proceedings in Canada Filed Before the Commencement of the Present Lawsuit*

First, as a result of the Plaintiff's unlawful removal from Ignite and because Ignite is a Canadian corporation, Plaintiff filed in Canada two petitions concerning Ignite's corporate governance:

- On July 8, 2024 (Ex. 4) (amended as of July 11, 2024, Ex. 5), the Plaintiff on behalf of Ignite, filed a petition with the Supreme Court of British Columbia, Case No. S244508, seeking to restrain certain individuals (including Scott Rohleder) from holding themselves out as Ignite's directors and officers and from restraining those individuals from undermining the Plaintiff as Ignite's sole officer and director (Ex. 5, pp. 3-4). This petition was defective and has been withdrawn by the Plaintiff. These proceedings raise no claims that were raised by the Plaintiff in the present action.

- On August 19, 2024 (Ex. 6) (amended as of September 16, 2024, Ex. 7), the Plaintiff, this time on his own behalf, filed a petition with the Supreme Court of British Columbia, Case No. 245663, seeking virtually the same relief as the July 8, 2024, petition (Ex. 7, pp. 3-4), but he is seeking it on his own behalf and not on behalf of Ignite. The Plaintiff has since withdrawn his demand that he be reinstated as an officer or director of Ignite (Exs. 2-3). These proceedings also involve Ignite's erroneously granted request to seize Mr. Bilzerian's social media account (ECF No. 46-7). These proceedings do not raise any claims that were raised by the Plaintiff in the present action.

*Defendants' Proceeding in Canada Filed After the Commencement of the Present Lawsuit*

Second, following the filing of the present action and knowing full well that the Plaintiff is seeking a declaration from this Court that he can compete with Ignite, on February 14, 2025, Ignite filed a new lawsuit in the Supreme Court of British Columbia, titled *Ignite International*

9

*Brands, Ltd. v. Dan Brandon Bilzerian,* Vancouver Registry, Case No. 251196, seeking a declaration from that court that the Plaintiff cannot compete with Ignite (Ex. 8, p. 12).

These are the specific proceedings in which the Canadian court issued the injunction at issue (Ex. 9), and these are the only "Canadian Proceedings" that raise the same issue (noncompete) that was raised in this action filed on November 12, 2024.

Yet, in their Opposition, the Defendants blatantly misrepresent[28] to this Court that the subject Canadian Injunction was issued in the proceedings filed by the Plaintiff himself on August 19, 2024 titled *Bilzerian v. Ignite International Brands, Ltd., et.* (Ex. 6):

> "The Canadian Court entered its formal Injunction Order on April 3, 2025. *See Bilzerian v. Ignite International Brands, Ltd., et al.*, Vancouver Registry No. S-245663, order made March 27 and entered April 3, 2025. The Canadian Injunction Order prohibits Plaintiff 'from directly or indirectly competing with Ignite until a final order is made in this [Canadian] action.'"[29]

In reality, however, the Canadian Injunction was issued in completely separate proceedings **commenced by Ignite on February 14, 2025** – after the filing of the present action – and titled *Ignite International Brands, Ltd. v. Dan Brandon Bilzerian,* Vancouver Registry No. S-251196 (Ex. 8).[30]

The fact that Ignite's proceedings against the Plaintiff in Canada were filed **after** the present lawsuit was filed undermines not only the "collateral attack" argument (ECF No. 58, p.

---

[28] The Plaintiff has no reason to believe that this misrepresentation was consciously made by the Defendants' counsel. It rather appears that the Defendants' counsel was himself misled by his clients as to the nature and scope of the February 14, 2025 lawsuit filed by his clients in Canada.
[29] (ECF No. 58, p. 2, ll. 8-12).
[30] (Ex. 9 – March 27, 2025 Reasons for Judgment, and ECF No. 46-9).

10), but also the implied "international comity" argument tacitly raised in the opposition (ECF No. 58, p. 11).[31]

### e. The Defendants failed to raise any issues of material fact that prevent an entry of judgment

Pursuant to Local Rule 7-2(b), the deadline to file and serve any points and authorities in response to a motion for summary judgment is 21 days after service of the motion. Normally, an opposing party's failure to file a timely response to any motion constitutes the party's consent to the granting of the motion and is proper grounds for dismissal. A court cannot, however, grant a summary judgment merely because it is unopposed, even where its local rules might permit it. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 949-50 (9th Cir. 1993); *see also Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2023) (a district court cannot grant a motion for summary judgment based merely on the fact that the opposing party failed to file an opposition). Even without an opposition, the Court must apply standards consistent with Fed. R. Civ. P. 56, determining if the moving party's motion demonstrates that there is no genuine issue of material fact, and judgment is appropriate as a matter of law. *Id.* at 950. *See also Clarendon Am. Ins. Co. v. Jai Thai Enters., LLC*, 625 F. Supp. 2d 1099, 1103 (W.D. Wash. 2009).

Defendants' opposition to Plaintiff's motion for partial summary judgment was filed on May 8, 2025, a day after the deadline set for May 7, 2025. In case of any other motion other than for summary judgment or a motion for attorney fees, this failure would constitute a consent to the granting of the motion[32]). Although the Defendants' opposition was ultimately filed, it contained no statement setting forth any material fact that is genuinely at issue in this matter and did not

---

[31] Where "the foreign action is pending rather than decided, comity counsels that priority generally goes to the suit filed first." *Ronar, Inc. v. Wallace*, 649 F. Supp. 310, 318 (S.D.N.Y. 1986).

[32] LR 7-2(d).

11

address any of the Plaintiff's assertion of facts, as required by Fed. R. Civ. P. 56(e). All that the opposition asserted is an argument that "The Canadian Injunction Order is Dipositive."[33]

As already stated, the Canadian Injunction order is irrelevant to the Court's determination of the Plaintiff's motion, and due to the Defendants' failure to specify any material facts that are genuinely at issue, the Plaintiff's motion must be granted.

### III.  CONCLUSION

The Plaintiff respectfully requests that this Court enter a declaration that the Plaintiff may compete with the Defendants and, in particular, that the Plaintiff may endorse or otherwise assist in the selling of vape products and alcohol.

DATED this 22nd day of May, 2025.

THE MEDRALA LAW FIRM, PLLC

/s/ Jakub P. Medrala

_____
**JAKUB P. MEDRALA, ESQ.**
Nevada Bar No. 12822
615 S. 6th Street
Las Vegas, Nevada 89101
*Attorney for Dan Bilzerian*

---

[33] (ECF No. 58, p. 8).

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, the above document was submitted to the electronic service system, which sent notification of such filings(s) to the defendants, which are registered for electronic service.

Respectfully submitted: May 22, 2025.

                THE MEDRALA LAW FIRM, PLLC

                /s/ Jakub P. Medrala
                Jakub P. Medrala
                Attorney for Plaintiff