UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAN BRANDON BILZERIAN,

    Plaintiff,

v.

IGNITE INTERNATIONAL BRANDS, LTD, *et al*.,

    Defendants.

Case No. 2:24-cv-02101-RFB-NJK

**Order**

[Docket No. 66]

Pending before the Court is Plaintiff's motion for leave to serve Defendant Rupy Dhadwar by publication. Docket No. 66.

Plaintiff asks the Court to authorize service by publication. Docket No. 66 at 1. Plaintiff submits that he has attempted to locate, contact, and serve Defendant through various means, including emailing him at his work email address and attempting to serve him multiple time at his office in Canada, since November 12, 2024.[1] *Id*. at 1-2. Plaintiff further submits that his counsel has reached out to Defendant Ignite International Brands, LTD's counsel on two occasions to inquire whether they would accept service of process on behalf of Defendant Dhadwar, but received no response. *See* Docket No. 66 at 4-5. It is not clear whether opposing counsel is willing to accept service. *See* Fed. R. Civ. P. 4(d)(1).[2]

---

[1] Service of process must generally be completed within 90 days. Fed. R. Civ. P. 4(m). The Court must extend that deadline upon a showing of good cause and has discretion to extend the deadline even in the absence of good cause. *See id*. Service on individuals in foreign countries is generally not subject to the Rule 4(m) deadline. *See id*. (excluding service effectuated pursuant to Rule 4(f)). Nonetheless, courts possess inherent authority to set a deadline for foreign service. *Inst. of Cetacean Rsch. v. Sea Shepherd Conserv. Soc'y*, 153 F. Supp. 3d 1291, 1320 (W.D. Wash. 2015) (collecting cases). The new deadline to complete service is **SET** for August 15, 2025.

[2] As presumably can be explained to Defendant through counsel, waiving service is not simply a courtesy. Failing to waive service may result in Defendant paying expenses, including attorneys' fees. *See* Fed. R. Civ. P. 4(d)(2). The carrot-and-stick approach for service waiver also includes benefit to the waiving defendant of additional time to serve an answer. *See* Fed. R. Civ. P. 4(d)(3).

Accordingly, the motion for leave to serve Defendant Dhadwar by publication is **DENIED** without prejudice. Docket No. 66. Attorneys Eric Olsen, Erika Pike Turner, and Steven E. Kish III[3] are **ORDERED** to meet and confer with Plaintiff's counsel, no later than July 22, 2025, regarding whether they will accept service on behalf of Defendant Dhadwar. If service is accepted, the parties must file notice of such, no later than July 23, 2025. If counsel will not accept service on behalf of this defendant, Plaintiff may file a renewed motion, no later than July 24, 2025.

IT IS SO ORDERED.

Dated: July 15, 2025

Nancy J. Koppe
United States Magistrate Judge

---

[3] Defendant Dhadwar is the CEO and President of Defendant Ignite International Brands, LTD. Docket No. 46-1 at 2. On April 16, 2025, Defendant Dhadwar filed a declaration in support of Defendant Ignite International Brands, LTD's motion to dismiss through Attorneys Eric Olsen, Erika Pike Turner, and Steven E. Kish III. Docket No. 46-1.