1

2

3

4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6

7

8

9

10

11

| | |
|---|---|
| DAN BRANDON BILZERIAN, | Case No. 2:24-cv-02101-RFB-NJK |
| Plaintiff, | **AMENDED ORDER** |
| v. | |
| IGNITE INTERNATIONAL BRANDS LTD, *et al.*, | |
| Defendants. | |

12

13

14

15

Before the Court are Motions to Dismiss by Defendants' Ignite International, LTD ("Ignite US"); Scott Rohleder; Paul Bilzerian; and Ignite International Brands, LTD ("Ignite Intl"). (ECF Nos. 9, 11, 34, 46). For the following reasons, the Court grants the Motions to Dismiss without prejudice.

16

### I.     PROCEDURAL HISTORY

17

The Court only recites procedural history relevant to the instant motions.

18

19

20

21

22

23

24

25

On November 12, 2024, Plaintiff filed his Complaint. ECF No. 1. On December 17, 2024, Defendant Ignite International, LTD filed a Motion to Dismiss. ECF No. 9. On December 26, 2024, Defendant Scott Rohleder filed a Motion to Dismiss. ECF No. 11. On March 14, 2025, Defendant Paul Bilzerian filed a Motion to Dismiss. ECF No. 34. On April 16, 2025, Defendant Ignite International Brands, LTD filed a Motion to Dismiss. ECF No. 46. On September 3, 2025, the Court granted the Motion to Dismiss. ECF No. 79. On September 8, 2025, Plaintiff filed a Motion for Reconsideration, which Defendants did not oppose, and which the Court granted. ECF No. 80-82.

26

The Court's Amended Order follows.

27

### II.    FACTUAL ALLEGATIONS / BACKGROUND

28

The Court makes the following factual findings relevant to jurisdiction.

Plaintiff, a Nevada resident, brings this lawsuit against Ignite US, a Wyoming company, domiciled in California and Texas; Scott Rohleder, who is and was at all relevant times a resident of Florida; Paul Bilzerian who is and was at all relevant times a resident of St. Kitts and Nevis; and Ignite Intl a Canadian company.

In 2017 Plaintiff founded Ignite Intl, a company that sells disposable vapes, spirits, and apparel under the brand "Ignite." Plaintiff was the "public face" of Ignite and often promoted its products to his social media following. From 2017 – 2023 Plaintiff served as the nominal CEO and Chairman of the Board of Directors of Ignite. On December 21, 2023, after internal disputes regarding Plaintiff's negative impacts on the Ignite brand, Plaintiff was removed as CEO. Later, in June 2024, Plaintiff was terminated from the Board of Ignite Intl. Subsequently, Plaintiff revoked permission for the brand to use his name, image and likeness to promote Ignite products.

In August 2024, Plaintiff filed a petition in the Supreme Court of British Columbia, Canada against Ignite Intl, and other defendants including the Ignite Intl Board of Directors. Bilzerian v. Ignite International Brands, LTD., et al., Vancouver Registry No. S-245663.  On November 12, 2024, Plaintiff filed the Complaint in the instant matter asserting nine causes of action against Defendants. First, Misappropriation of Statutory and Common Law right of Publicity; Second, Unfair Competition and Deceptive Trade Practices; Third, False Designations of Origin under the Lanhan Act, 15 U.S.C. § 1125(a); Fourth, Trademark Infringement under the Lanham Act, 15 U.S.C. § 1125(c); Fifth, Accounting; Sixth, Unjust Enrichment; Seventh, Intentional Interference with Prospective Economic Advantage; Eighth, Declaratory Relief; Ninth, Copyright Infringement.

### III.    LEGAL STANDARD

#### A.  Dismissal

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. APT Sec. Services,

1    Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

2         To survive a motion to dismiss, a complaint need not contain "detailed factual allegations,"

3    but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements

4    of a cause of action. . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp.

5    v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains

6    "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face,"

7    meaning that the court can reasonably infer "that the defendant is liable for the misconduct

8    alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on

9    the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive

10   dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences

11   from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S.

12   Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

13        **B. Personal Jurisdiction**

14        A Plaintiff bears the burden of establishing personal jurisdiction. Tuazon v. R.J. Reynolds

15   Tobacco Co., 433 F.3d 1163, 1168 (9th Cir. 2006). Where, as here, the defendant's motion to

16   dismiss is based on written materials rather than an evidentiary hearing, the plaintiff need only

17   make a *prima facie* showing of jurisdictional facts to withstand dismissal. Mavrix Photo, Inc. v.

18   Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011). The *prima facie* standard "is not

19   toothless," however; the plaintiff "cannot simply rest on the bare allegations of [his] complaint."

20   In re Boon Glob. Ltd., 923 F.3d 643, 650 (9th Cir. 2019) (internal quotation marks omitted).

21   Although "uncontroverted allegations in the complaint must be taken as true" and "conflicts

22   between parties over statements contained in affidavits must be resolved in the plaintiff's favor,"

23   Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004), disputed allegations

24   in the complaint that are not supported with evidence or affidavits cannot establish jurisdiction.

25   See In re Boon Glob. Ltd., 023 F.3d at 650.

26   **IV.    DISCUSSION**

27        To establish personal jurisdiction over a defendant is proper, a plaintiff must show (1) that

28   the forum state's long-arm statute confers personal jurisdiction and (2) that the exercise of

- 3 -

jurisdiction comports with the constitutional principles of due process. <u>Rio Properties, Inc. v. Rio Int'l Interlink</u>, 284 F.3d 1007, 1019 (9th Cir. 2002). Because N.R.S. § 14.065 permits Nevada courts to exercise jurisdiction to the same extent as the Constitution, this Court need only consider the constitutional principles of due process. <u>Walden v. Fiore</u>, 571 U.S. 277, 134 S. Ct. 1115, 1121, 188 L. Ed. 2d 12 (2014).

It is undisputed that none of the Defendants are citizens of Nevada. For the exercise of personal jurisdiction over a defendant who is not present in the forum, due process requires that the defendant "have certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (quoting <u>Milliken v. Meyer</u>, 311 U.S. 457, 463, 61 S. Ct. 339, 85 L. Ed. 278, (1940)). The Ninth Circuit conducts a three-part inquiry to determine whether a nonresident defendant has such "minimum contacts" with the forum state to warrant the Court's exercise of specific jurisdiction:

> (1) The defendant must either "purposefully direct his activities" toward the forum or "purposefully avail himself of the privileges of conducting activities in the forum;"
>
> (2) The claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) The exercise of jurisdiction must comport with fair play and substantial justice. i.e. it must be reasonable.

<u>AMA Multimedia, LLC v. Wanat</u>, 970 F.3d 1201, 1208 (9th Cir. 2020) (quotation marks and internal citations omitted). Plaintiff bears the burden to establish the first two prongs. <u>Id.</u>

The first prong requires Plaintiff to establish that Defendants "purposefully directed" their activities at or "purposely availed" themselves to Nevada. <u>Axiom Foods, Inc. v. Acerchem Int'l, Inc.</u>, 874 F.3d 1064, 1068 (9th Cir. 2017) (quotations omitted). "The exact form of jurisdictional inquiry depends on the nature of the claim at issue." <u>Picot v. Weston</u>, 780 F.3d 1206, 1212 (9th Cir. 2015). For claims related to business activities, the Court generally applies a "purposeful availment" analysis and asks whether a defendant has "purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections

of its laws." <u>Boschetto v. Hansing</u>, 539 F.3d 1011, 1016 (9th Cir. 2008). The Court finds all of Plaintiff's claims arise out of the business activities between the parties; the Court thus analyzes specific jurisdiction under the purposeful availment test.

Business activity in the Plaintiff's home forum alone does not automatically establish minimum contacts. <u>Id.</u> Rather, there must be actions by the defendant that create a "substantial connection with the forum state." <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). Merely, "random, fortuitous, or attenuated" contacts are not sufficient; rather, Defendants must have "preformed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." <u>Sher v. Johnson</u>, 911 F.2d 1357, 1362 (9th Cir. 1990).

Plaintiff's Complaint generally asserts all the aforementioned causes of action against all Defendants. The only allegation in the Complaint related to personal jurisdiction asserts "this Court has jurisdiction over Defendants because the claims in this Complaint relate to their maintenance and operation of many websites and social media accounts that are interactive and fully accessible to residents of this district."

Applying the personal jurisdiction standard to Ignite US the Court finds that Plaintiff has not demonstrated that Defendants have sufficient minimum contacts with Nevada to subject them to specific personal jurisdiction.

Plaintiff alleges that the maintenance and operation of Ignite websites and social media accounts that are accessible to Nevada residents renders Defendants subject to personal jurisdiction in this District. Defendants argue the existence of unspecified websites and social media accounts accessible to Nevadans over the internet does not impute personal jurisdiction. Additionally, Defendants assert that in his Complaint, Plaintiff does not allege that Defendants own or operate any of the unspecified social media accounts.

The Ninth Circuit has held that the "creation of a [web]site, like placing a product into the stream of commerce, may be felt nationwide-or even worldwide-but, without more it is not an act purposefully directed toward the forum state." <u>Cybersell, Inc. v. Cybersell, Inc.</u>, 130 F.3d 414, 418. Courts look to the "level of interactivity and commercial nature of the exchange of

1    information that occurs on the website to determine if sufficient contacts exist to warrant the

2    exercise of jurisdiction." Id. (internal quotation marks omitted). In instances where a defendant's

3    website "had done nothing to encourage residents of the forum state to access it's site" the Ninth

4    Circuit has found no personal jurisdiction exists. Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d

5    1007, 1019 (9th Cir. 2002).

6         In his Complaint, Plaintiff does not allege that the Ignite website did anything to encourage

7    Nevadans to access or engage with the site. Additionally, the Complaint makes no mention of the

8    level of interactivity or commercial nature of the website. Furthermore, aside from generally

9    alleging personal jurisdiction exists because Defendants host websites accessible to Nevadans,

10   Plaintiff has not clearly articulated Defendants' forum-related activities.

11        Due to Plaintiff's failure to meet his burden of establishing first, purposeful availment and

12   second, a but-for relationship between Defendants activity in Nevada and Plaintiff's claims, the

13   Court need not analyze the third prong of the specific jurisdiction test. Doe v. Unocal Corp., 248

14   F.3d 915, 925. Accordingly, the Court finds that Plaintiff has not established that Defendants

15   purposefully directed their activities or purposefully availed themselves of "the privilege of

16   conducting activities" in Nevada. Picot, 780 F.3d at 1212. The Court therefore lacks personal

17   jurisdiction over Defendants.

18   **V.    CONCLUSION**

19        For the foregoing reasons, **IT IS ORDERED** that Defendants' Motions to Dismiss (ECF

20   Nos. 9, 11, 34, 46) are **GRANTED**. Because the Court lacks jurisdiction over Defendants, this

21   matter is **DISMISSED without prejudice**.

22        **IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

23   The Clerk is instructed to close the case.

24   **DATED:** October 3, 2025.

25

26   _____

27   **RICHARD F. BOULWARE, II**

28   **UNITED STATES DISTRICT JUDGE**